STEPHEN R. HAM, plaintiff in error, vs. BENJAMIN B. HAMIL-
TON, defendant in error.

Where parties settle a case of fraud with their eyes open, the settlement is
binding.

Bill for discovery, relief and injunction.   Decision by Judge
LAMAR, at chambers, 6th April, 1859.

This bill was brought by Stephen R. Ham, against Benja-
min B. Hamilton, of the county of Dooly.   The bill charges,
that some time in the month of December, 1856, Hamilton
proposed to sell to Ham, a settlement of land in Dooly coun-
ty, containing five hundred and thirty acres.   There were
three parcels of the land—two whole lots and a part of an-
other lot.   The price demanded for the land was twenty-six
hundred and fifty dollars.   Complainant was willing to give
that sum for the land, provided the titles were full and com-
plete, but otherwise he would not have been willing to give
half of it.   Hamilton produced a bundle of papers, and said
the titles were perfect, but that he might have left some of the
deeds at home; that if any had been left he would furnish
them.

Complainant, being unable to judge of the validity of land
titles, and two men who were present, (one Hunt and James
G. Brown,) remarking that the titles were all perfect and
complete, and that complainant might rely upon Hamilton's
statements, and relying solely upon the statements of Ham-
ilton, in regard to the titles to the land, gave Hamilton his
notes for the sum of $2,650, and took from him a deed to
said lands.   Hamilton, at the time, promised if the title pa-
pers were not complete, to get those he had left at home and
send them to complainant.

One of these lots was situated between the other two; had
about thirty acres of cleared land on it, and about seventy-five
acres under good fence, and ready to be cleared; had on it

a good situation for putting up a gin house and screw, and a suitable location for a residence. This lot is worth as much as both the others together, on account of the superior quality of the land. This middle lot is the key to the settlement of lands, and without it the other two would be worthless for the purpose for which complainant bought them.

The bill further charges, that a few days after the purchase, Ham took the title papers to Vienna, and submitted them to an attorney, when it was ascertained that the chain of title to said middle lot consisted of a copy plot and grant, a quit-claim deed from Warren (not the grantee,) to Brown, and a quit-claim deed from Brown to Hamilton. Complainant immediately called on Hamilton for the other links in the chain, but Hamilton did not have them, and could not furnish them. Complainant then demanded of Hamilton a cancelation of the trade. Hamilton refused to cancel it, unless complainant would pay him eight hundred dollars ; but insisted that complainant should keep the land, stating that it had been used five years, and that in two years more complainant would acquire a good title to it by the statute of limitations. Complainant would not agree to keep it, saying he did not wish to get a title in that way, and that he had bargained and paid for a good and honest title. Complainant did not go into possession of the land. Hamilton refused to cancel the trade. A short time afterwards, complainant called on a lawyer, who advised him that he could make no defence to the notes given to Hamilton for said land. Under this advice, (inasmuch as complainant was unwilling to risk the danger of putting the extensive improvements which he had intended making on said land,) complainant made a compromise with Hamilton, giving him his note for the sum of four hundred and thirty-two dollars, and Hamilton delivering up to complainant his note for $2,650 00. Complainant also reconveyed the three parcels of land back to Hamilton.

Upon this note of $432 Hamilton subsequently sued Ham

Judgment was confessed, and an appeal taken, and the suit is now pending in the Superior Court of Dooly county.

The bill further charges, that Hamilton procured Warren and Brown to make to him their quit-claim deeds, well-knowing that they did not *bona fide* claim the land, and with the view of cheating the true owner out of his land, by the aid of the statute of limitations, or of making a large sum of money out of some one else.

The prayer of the bill is for a perpetual injunction of the common law suit. Judge LAMAR refused to sanction the bill for want of equity, and complainant excepted, and now assigns said refusal for error.

DAWSON & KIBBEE, by ANDERSON, for plaintiff in error.

MOUNGER & DeGRAFFENREID, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

If the complainant ever had any equity, it is clear he has *settled himself* out of it. He made a deliberate settlement of all the alleged fraud, with his eyes wide open. Parties may settle frauds as well as any thing else, if they act with knowledge of the facts ; and such a settlement is as effectual when made by the parties, as when made by a Court. He is here asking the Court to act where he has already himself taken final action. There must be an end to litigation.

Judgment affirmed.