HUGHES *et al. vs.* CLARK *et al.*, administrators.

| 67 | 19 |
|----|----|
| 87 | 557 |
| 67 | 19 |
| 94 | 493 |
| 67 | 19 |
| 112 | 852 |

1. Where all the parties are before the court in a claim case, on proper pleadings equitable rights may be adjudicated ; but where it is necessary to seek specific performance of a voluntary agreement on the faith of which improvements have been made, and for that purpose to make new and distinct parties, a court of equity is the proper forum for the case.

2. While the testimony of a witness since deceased, given under oath at a former trial upon substantially the same issue, and between substantially the same parties, may be proved by any one who heard it and professes to remember the substance of the entire testimony, yet testimony of such a witness on a trial between other parties cannot be so proved.

Claims. Equity. Pleadings. Evidence. Before Judge SNEAD. Richmond Superior Court. April Term, 1881.

Reported in the decision.

J. S. & E. B. HOOK; L. E. BLECKLEY, for plaintiffs in error.

H. D. D. TWIGGS; M. CUMMING, for defendants.

SPEER, Justice.

William W. Hughes died January 28th, 1872. His widow, Mary L. Hughes, and their minor children, had set apart to them, as a year's support, $3,000.00, to be paid out of his estate. Thos. M. Berrien administered on the estate of W. W. Hughes. Fifteen hundred ($1,500.00) dollars of the sum due as year's support was paid. Execution issued from the court of ordinary for the amount. This execution was levied on the "Summer Place" of W. W. Hughes, in Richmond county, containing 650 acres, as the property of his estate. This levy was arrested by a claim interposed by Clark, administrator, who swore that the property levied on was not the property of the defendant in *fi. fa.*, but was the property of the estate of Geo. W. Hughes, deceased. On the trial of the case, in addition to the usual issue tendered, claimant pleaded "that the judgment and *fi. fa.* were a nullity, because a homestead had been set apart, and was then an existing estate to the widow, and she was not entitled under the law to both."

2. That the homestead had been sold by debts antedating the homestead law.

The purchase money, $3,200.00, was brought into court, and Mrs. Hughes, the widow, claimed $3,000.00, and was only allowed $1,500.00, and she did not appeal from the judgment of the superior court allowing her only one-half of her claim, and therefore she is estopped from claiming the balance due on her *fi. fa.* This was the

only equitable plea filed in the case. In addition to the above defense, Clark, as administrator of Geo. W. Hughes, claimed this land in dispute under a parol gift, made by the father of his intestate to the son under the 2664 section of the Code—said gift to Geo. W. Hughes being manifested by the exclusive possession of the intestate of the lands in dispute, belonging originally to his father, without payment of rent for the space of seven years. Claimant further set up title to the property under a voluntary agreement between the intestate and his father for a meritorious consideration, under which the intestate went into exclusive possession and made valuable improvements on the faith thereof.

Under the evidence and charge of the court, the jury found a verdict in favor of the claimant, whereupon plaintiff in *fi. fa.* made a motion for a new trial on various grounds of alleged error, as set forth in the record, which was overruled by the court, and plaintiff excepted.

1. Error is assigned in the 2d, 3d, 4th, 5th, 6th, 10th, 11th and 15th grounds of the motion, because the court charged the jury, " If you believe there was a parol gift with exclusive possession and valuable improvements thereon on the faith of the gift, it will be a good title," this charge being given in substance in different words in the various grounds referred to, and also the same was charged in qualification of requests to charge made by plaintiff in *fi. fa.* The question made by the counsel for plaintiff in error is not whether this was a correct principle of law abstractly, but whether it was applicable under the *pleadings* in the case. It is insisted, there being neither pleadings upon which specific performance of a voluntary agreement could be decreed on account of improvements made on the faith thereof, nor the requisite parties before the court to try the right to the specific performance, the whole theory of the trial on that branch of the case was error, and, consequently, there was error in the charge of the court on this point in the various grounds of error assigned.

It is true that in a claim case where all the parties are before the court, equitable pleadings may be had, to have the specific performance of a voluntary agreement decreed, and thus establish a title in the claimant that would protect his right to the property as against the lien of a judgment. But we also think that such equitable pleadings are *essential* to such a result in a case like this. The rule prescribed in such cases is clearly stated in the case of *Lackey vs. Bostwick*, 54 *Ga.*, 45, in which this court say : " Whilst a defendant, under our practice since the adoption of the Code, may set up his equitable defense in the common law court, still, he must allege such facts and make such allegations in his equitable plea, as would entitle him to the relief which he seeks in a court of equity, and prove the same on the trial in the common law court."

So in the case of *Stirling vs. Arnold*, 54 *Ga*, 691 : " Where, in a claim case the facts make such a mixture of equitable rights therein, the pleadings should be so framed as to all the material facts of the case, and the verdict moulded accordingly."      *      *      *      *
" The equitable rights of the parties may be thus reached in a claim case at law under the statutes of Georgia, or either party may go into a court of equity if he see fit to ascertain and secure such equitable rights.    Code, §§3082, 3095.

"It is insisted, by counsel for plaintiff in error, that this rule was applicable where the court of law was called upon to act as a court of equity." Such we regard as the case now before the court. Claimant can only have a protection againt the lien of this judgment under the facts of this case when he rests his defense " upon a voluntary agreement, possession thereunder, with meritorious consideration and valuable improvements made on the faith thereof," unless he has specific performance of such agreement decreed. How can this be done at law when it would be necessary, as in this case, to make the

representative of W. W. Hughes a party? This could not be done at 'law. We do not think this voluntary agreement could be set up in a claim at law, but a resort to a court of equity is essential to the attainment of this decree for specific performance, in order to have all essential parties before the court.

"Nor would the rule of evidence applicable to claims, in a court of law *as to degree*, be the same that would be required in a court of equity to have a decree for specific performance." In the latter case, while a court of equity could decree such specific performance by parol proof, yet it should be made out so clearly, *strongly and satisfactorily*, as to leave no reasonable doubt as to the agreement. 17 *Ga.*, 559.

2. We are satisfied there was also error in the ruling of the court in allowing the claimant to prove what Geo. Hughes, a deceased witness, testified on another trial, and between other and different parties than those then before the court, as is set forth in the 16th ground of the motion for a new trial.

The rule we understand to be this : " The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it and professes to remember the substance of the entire testimony, as to the particular matter about which he testifies.". Code, §3782. It is insisted, however, that there is sufficient evidence to support the verdict on the first defense set up by claimant, that is, of a gift by the father to his son, the intestate, of the land levied on, its exclusive possession by the son for seven years without payment of rents.

It is sufficient to say on this point the evidence was conflicting, both as to the exclusive possession and the length of time of such possession. Moreover, the charge of the court, so prominently and decisively presented to

the jury what he deemed to be the legal rights of the claimant under the second ground of his defense, that we are not prepared to say that the verdict was not rendered on that ground, and as in the views heretofore expressed, considering the state of the pleadings, parties and evidence before the court, we think there was error in the instructions thus given, we feel it our duty to reverse the judgment of the court below and order a new trial in conformity with the views herein expressed.

Judgment reversed.