### HARVEY *v.* WEST.

1. Land held by a son for less than seven years under a parol gift from his father is not subject to execution in favor of the son's creditor, against the claim of the father, though the son may have erected valuable improvements on the faith of the gift. The legal title remaining in the father, and the son's remedy being by a suit for specific performance of the voluntary agreement, his creditor must resort to a like remedy.

2. Admissions against one's title to land and in favor of the title of a third person, will be no estoppel in behalf of one to whom they were not made and who has merely heard of them, it not appearing that they were made for the purpose of being acted upon or with any design or intention that they should be acted upon.

3. Though evidence be improperly rejected, if the verdict is correct and the excluded evidence could not properly have changed it, the error is immaterial.

Ju y 13, 1891.

Debtor and creditor. Gifts. Title. Actions. Estoppel. Evidence. Practice. Before Judge HARRIS. Fayette superior court. March term, 1890.

A *fi. fa.* in favor of M. P. Harvey against S. P. West, based upon a judgment of September 19, 1887, was levied upon certain land, which was claimed by W. H. West. It was found not subject, and the plaintiff's motion for a new trial was overruled, to which he excepted. In addition to the usual grounds of the motion, it was alleged that the court erred in ruling out the following evidence: Plaintiff offered to prove by J. J. Buffington that he (Buffington) was told by the claimant, that he (claimant) had given the land in dispute to the defendant in *fi. fa.*; and that Buffington told plaintiff that this was the property of defendant, that defendant and claimant had both told him so. Plaintiff offered to prove by himself that before he gave credit to defendant, he inquired of Buffington as to the credit and worth of defendant, and that on the strength of Buffington telling him that claimant had informed him that the land was defendant's, plaintiff gave credit to defendant.

Also, that the court erred in refusing to allow plaintiff to ask and defendant to answer the following questions: "Did you not tell J. J. Buffington of Fairburn that your father had given you this land? Did you ever tell him the land was yours? Have you not often in the year 1884 told Buffington this land was yours? Have you not told him so in 1885, 1886? Have you ever told him such a thing? Did you not before getting these goods from M. P. Harvey tell Frank Lester, a clerk of M. P. Harvey, that you owned fifty acres of land that your father had given you? Did you not also tell M. P. Harvey the same thing at the same time? What conversation did you ever have with M. P. Harvey or Frank Lester about your owning this land? Please state what you ever said to them about it. Did you not tell J. J. Bell that this land was yours? Did you ever tell him that your father had given it to you? Have you ever told anybody this land was yours? Have you ever told anybody your father had given it to you? If so, why did you do so?"

It was also alleged that the court erred in making the following announcement to counsel for plaintiff in *fi. fa.* in the hearing of the jury, and in trying the case on that theory: "You cannot subject this land to this debt on the idea that W. H. West made a parol gift of this land to S. P. West, his son, and his son put valuable improvements on it on the strength of the gift, without proper pleadings and parties, and S. P. West would have to be made a party before you could subject it on that ground."

Also, that the court erred in his charge, in that he omitted one of plaintiff's main grounds for subjecting the property, to wit, that W. H. West had made a parol gift of the land to S. P. West, that the latter had made valuable improvements on the strength of this gift and could not have been ejected by W. H. West,

that plaintiff could show this, and if he had shown it the land would be subject. Plaintiff did not make this request to the court in writing for the reason that the court had already announced to counsel, in the hearing of the jury, that such was not the law, but the court should have charged this principle without request, under the evidence, which he did not do.

Also, that the court erred in omitting from the charge any reference to fraud and collusion between claimant and defendant in *fi. fa.*, when from the evidence the court should have charged the jury that if they believed from the evidence that W. H. West made a parol gift of the land to S. P. West, that S. P. made valuable improvements on the land on the strength of the gift, that both parties recognized the gift as perfect until the rendition of this judgment, when a scheme was entered into between them to defeat plaintiff in the collection of this debt by a claim on the part of the father, then they could not thus defeat plaintiff by such a scheme, and the property should be found subject.

Among other things, it appeared from the evidence that the defendant was in possession of the land in dispute during the years 1884, 1885, 1886 and 1887; that he made valuable improvements; and that the credit for the goods for which the judgment was rendered was given in 1885. Plaintiff testified, among other things, that he sold the goods on the strength of the land in dispute and also on the strength of other land, and that when he went to sell he asked defendant what property he owned, and he told plaintiff he owned fifty acres which his father had given him, and also fifty other acres which he bought of one Hightower. Claimant testified that he had never made his son a deed to the land in dispute, but the first of the year 1884 told him he might take the land and use it for four years and then put him in possession, and that his son oc-

cupied it all four of the years as his (claimant's) tenant;
that he had bought land adjoining this land from High-
tower, and claimant was anxious that he (defendant)
should pay for it, and agreed to let him use this land for
the four years; that he (claimant) also wanted this land
improved, and the contract was he (defendant) was to put
up a barn and dwelling, which he did.   It also appeared
that defendant in 1886 mortgaged the land in dispute
to Sims & Blalock; and that he gave it in for taxes in
1886 and 1887.   The claimant testified that he did not
know that his son had mortgaged the land, and did not
tell his son to give in the land as his; that his son gave
it in as his (claimant's) he supposed; that he paid him
the taxes that his son paid out for him on it, and the
reason he did not give it in himself was, that it lay in
a county other than that in which he (claimant) lived.
The defendant testified that when he gave Sims & Bla-
lock the mortgage he intended to mortgage his own
land, but through error in describing the land the fifty
acres in dispute belonging to his father was included;
that his father got the land back in the fall of 1887, de-
fendant's time being out.   There was evidence for
plaintiff that both claimant and defendant had said that
the land belonged to defendant, and both of them de-
nied that they had made such statements.   The defend-
ant testified that his father had the Sims & Blalock
mortgage, and that he (defendant) never had it in his
possession.   The claimant testified that he had never
seen the mortgage, did not have it and had never paid
the debt on which it was founded, etc.   It was proved
by two or three witnesses that the claimant said to them,
or in their hearing, that he had given the land to his
son, and that it was his son's property.

R. T. DORSEY and ROAN & GOLIGHTLY, for plaintiff.
THOMAS W. LATHAM, for defendant.

BLECKLEY, Chief Justice.

1. In Georgia, title to land is not acquired or lost by parol, but passes from one person to another by writing. This is the general rule, but to this rule there are some exceptions. One exception is, after a child is allowed to hold a father's land under certain conditions, for seven years, the law conclusively presumes a gift. Code, §2664. And a child, or any other donee within the range of a meritorious consideration, may compel the specific performance of a voluntary agreement if possession has been given under the agreement, and the donee has made valuable improvements upon the faith thereof. Code, §3189. A parol gift of land not yet rendered complete by lapse of time, under the first of these citations, nor established by a decree or judgment for specific performance, under the second, is inchoate and therefore not sufficient to divest the donor of ownership, and clothe the donee with title. *Hughes* v. *Clark*, 67 *Ga.* 19; *Howell* v. *Ellsberry*, 79 *Ga.* 475; *Hughes* v. *Berrien*, 70 *Ga.* 273. If the donee is not in a condition, without first enforcing specific performance, to assert and vindicate his right as against the claim of the donor, neither is the donee's creditor in such condition. The creditor may be treated as in a situation as good as that of his debtor, but not in a better. If the latter would have to establish his inchoate title by suit for specific performance, it would be inconsistent not to require the former to resort to a like proceeding. In this case the legal title was in the claimant, the father of the defendant in execution, at the time of the levy and at the time the claim case was tried. That fact was decisive of the controversy. Taking as true all the evidence favorable to the plaintiff, including that which the court rejected, nothing beyond a parol gift, followed by possession and the making of valuable improvements, was established; and the possession shown was for a much shorter period than seven years.

2. It is insisted that the father was estopped from asserting his title as against the plaintiff in execution, because the plaintiff gave credit to the son whilst the son was in possession of the land now under levy, and because the father admitted before the credit was given that the land was not his property, but belonged to the son. But the admissions relied upon were not made to the plaintiff, nor were they made, so far as appears, for the purpose of having them acted upon by him or any other person, or with any design or intention that they should be used as a basis of credit to the son, or to influence any one to extend such credit. If the plaintiff, by reason of hearing of the admissions, from one or more persons to whom they were made, was induced to give the son credit, he volunteered to act upon something which was not addressed to him; and there is no evidence that any of the admissions were communicated to him by the order or direction, or even the permission, of the speaker. Surely merely loose talk in the neighborhood uttered when no particular transaction is in progress or in contemplation, cannot be seized upon by dealers eager for trade who happen to hear of it, and be· made a basis for extending credit to their customers, and afterwards for enforcing collections out of property to which their customers have no title. This would be a very dangerous and pernicious extension of the law of estoppel. The admissions· evidently related to the parol gift. They were evidence for what they were worth as admissions, but they certainly did not come with the irresistible force of an estoppel. This being so, it was immaterial whether the plaintiff had heard of them or not, or whether, after taking them at second hand, he acted upon them in extending credit.

3. Some of the rejected evidence may have been admissible, but treating it as admitted, the verdict must have been as it was; that is, in favor of the claimant.

It was correct, and the excluded evidence could not have changed it without illegally sacrificing the substantial merits of the case.    In none of the grounds of the motion is there any cause for a new trial.    It is needless to discuss them severally.        *Judgment affirmed.*