SMEDLEY v. SMEDLEY et al.

(Circuit Court, N. D. Georgia, W. D. July 3, 1901.)

REMOVAL OF CAUSE TO FEDERAL COURT—SEPARABLE CONTROVERSY.

Plaintiff, in suit against H., E., and S., sought to recover land, the petition alleging that S. made a parol gift of the land to plaintiff, and put him in possession; that plaintiff remained in possession over seven years, without any claim by S.; that after the gift, and while plaintiff was in possession, S. deeded the land to E., without plaintiff's knowledge, and that thereafter E. deeded it to H., after H. had received notice of plaintiff's claim. The petition asserted plaintiff had complete title to the land, and prayed, if he had not, that he have a decree against all the defendants for specific performance of the promise of S. to give him the land. It also prayed for decree for the land, and for cancellation of the deeds to E. and H. *Held*, that there was not a separable controversy between plaintiff and defendants, so as to allow of removal of the cause to the federal court.[1]

On Motion to Remand Cause to State Court.

T. A. Atkinson and D. J. Gaffney, for plaintiff.

Payne & Tye, J. A. Noyes, and Longley & Longley, for defendants.

NEWMAN, District Judge. This is a motion to remand a case removed from the state court. On April 15, 1901, W. T. Smedley brought suit in the superior court of Troup county, Ga., against

[1] Separate controversy as ground for removal, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Mineral Co., 35 C. C. A. 155.

W. M. Hadaway, of the state of Alabama, the Equitable Securities Company, of the state of New York, and J. M. Smedley, of Troup county, Ga. The object of the suit is to recover a certain tract of land in Troup county, Ga., together with the rents and profits of the same for four years, of the yearly value of $150. The petition for removal states the value of the land to be $1,500, and this amount, with the rents and profits of the land for four years (if this is the proper period) at $150 a year, would make $2,100,—more than the necessary jurisdictional amount.

The character of the suit is as follows: The plaintiff, W. T. Smedley, claims that his father, J. M. Smedley, who, in 1882, was in possession of and owned the land in controversy, made a parol gift of the same to the plaintiff, and put him in possession thereof, and the plaintiff remained continuously in the exclusive possession of the land, without the payment of rent, from about January 1, 1882, for the space of seven years, and without any claim of dominion by plaintiff's father acknowledged by the plaintiff, and without any disclaimer of title to the land on the part of the plaintiff; that the plaintiff made valuable improvements on the land, of a permanent character, consisting of a dwelling house, outhouses, stables, and barn, and other houses of like character, of the value of $600, or other large sum; that subsequently to the parol gift and the taking possession of the land by the plaintiff as stated, his father, J. M. Smedley, on the 9th day of February, 1889, without the knowledge or consent of plaintiff, executed to the Equitable Mortgage Company, a foreign corporation, of the state of New York, a mortgage deed or lien upon this land, together with other lands of said Smedley to the extent of about 1,000 acres, to secure certain money borrowed from it, and, after giving said mortgage lien, said J. M. Smedley, finding he was unable to pay the debt, on the 1st of December, 1898, executed an absolute deed of conveyance to the Equitable Securities Company, which had absorbed the Equitable Mortgage Company, in extinguishment of his debt and of the mortgage lien, all without the knowledge or consent of the plaintiff, and while he was in possession of the land. The plaintiff says that the improvements he placed on the land were put there before J. M. Smedley executed his mortgage thereon; that on the 1st day of November, 1899, the Equitable Securities Company sold to W. M. Hadaway, and executed to him a deed to the land in controversy, without the plaintiff's consent, and while plaintiff was in possession, and claiming title to the same; that before the execution of the deed to Hadaway plaintiff put Hadaway on notice that the land belonged to plaintiff, and that he intended to enforce his rights by legal proceedings, if necessary; that counsel for the defendant mortgage company advised the plaintiff that he could not hold the land against Hadaway, whereupon plaintiff made a rent contract with Hadaway, but with the proviso that it should not in any way affect his rights in regard to the land. The plaintiff asserts that he has complete title to the land, but if, for any reason, he has not, he claims that he is entitled to a decree for specific performance of the voluntary promise of J. M. Smedley to give him the land in controversy, against J. M. Smedley, the Equitable Securities Com-

pany, and Hadaway. The further prayers are that the plaintiff have a decree for the land, and that the deed from Smedley to the Equitable Securities Company, and the deed from the Equitable Securities Company to Hadaway, be decreed to be null and void, and be delivered up and canceled as a cloud on plaintiff's title; that the rent contract between plaintiff and Hadaway be declared null and void, and of no force; and that such further relief be granted him as he may be, in equity and good conscience, entitled to; and that he may have a judgment for the value of the improvements, and $600 rent for said land, against the said Equitable Securities Company and Hadaway. At the May term, 1901, of Troup superior court, W. M. Hadaway and the Equitable Securities Company filed their petition for removal on the grounds of diverse citizenship and of a separable controversy as between them and W. T. Smedley. The plaintiff being a citizen and resident of Georgia, and J. M. Smedley being also a citizen and resident of Georgia, the claim in the petition for removal is that:

"This cause, being of a civil nature, as aforesaid, is wholly between citizens of different states, for the reason that the defendant J. M. Smedley, named in said suit as a defendant, and alleged to be a resident of said state of Georgia, is only a formal party, and one against whom no substantial relief is sought or can be obtained, and whose presence in the suit is neither necessary nor proper as a party therein, the only necessary and proper parties to said suit being your petitioner Equitable Securities Company, who was at the time of the commencement of this suit, and still is, a corporate body under the laws of the state of New York, then and now a resident and citizen of the state of New York, and a nonresident of the state of Georgia, and your petitioner W. M. Hadaway, who was at the time of the commencement of this suit, and is now, a resident and citizen of the state of Alabama, and a nonresident of the state of Georgia, and plaintiff, who was and still is a citizen of Georgia, as your petitioner avers."

It is then claimed that:

"In said suit there is a controversy which is wholly between W. T. Smedley, as plaintiff, and your petitioner Equitable Securities Company, and your petitioner W. M. Hadaway, as defendants, and that said controversy can be wholly determined between said parties above named without the presence of the other party to the suit as named therein."

The petition then states the manner in which the separable controversy exists, as follows:

"(1) A controversy whereby W. T. Smedley, as plaintiff, seeks to recover from your petitioner Equitable Securities Company and W. M. Hadaway the land and improvements thereon described in said suit, of the value of fifteen hundred dollars, as shown by affidavits hereto attached, and also mesne profits or rents of said premises, of the value, as alleged in said petition, of six hundred dollars. The total amount involved in this controversy, exclusive of interest and costs, exceeds the sum and value of two thousand dollars, and is the sum of two thousand one hundred dollars. (2) A controversy whereby W. T. Smedley, as plaintiff, seeks to compel specific performance on the part of J. M. Smedley, a resident and citizen of Troup county, Georgia, of an alleged parol agreement on the part of said J. M. Smedley to convey to him, W. T. Smedley, the lands described in said petition. (3) A controversy whereby W. T. Smedley, as plaintiff, seeks as against your petitioners Equitable Securities Company and W. M. Hadaway, as defendants, to have canceled and declared null and void a certain deed from said Equitable Securities Company to said Hadaway. (4) A controversy whereby W. T. Smedley, as plaintiff, seeks to have canceled and declared null and void as against

110 F.—17

your petitioner W. M. Hadaway a certain contract of rent entered into by said W. T. Smedley as tenant of W. M. Hadaway."

I think this statement of the Equitable Securities Company and Hadaway in their petition for removal of the grounds upon which they claim a separable controversy as between themselves and W. T. Smedley shows on its face that, while there may be somewhat distinct issues in the case, there is no separable controversy, under the authorities, with reference to the right of removal. The language of the supreme court of the United States in Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, is quite pertinent here:

"But, in order to justify such removal on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute, be a controversy 'which can be fully determined as between them'; and by the settled construction of this section the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others, originally made parties to the suit. Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Corbin v. Van Brunt, 105 U. S. 576, 26 L. Ed. 1176; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131; Winchester v. Loud, 108 U. S. 130, 2 Sup. Ct. 311, 27 L. Ed. 677; Shainwald v. Lewis, 108 U. S. 158, 2 Sup. Ct. 385, 27 L. Ed. 691; Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693; Deposit Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733, 29 L. Ed. 898; Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196, 33 L. Ed. 462; Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308, 35 L. Ed. 987. As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and this is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' Railroad Co. v. Ide, 114 U. S. 52, 56, 5 Sup. Ct. 735, 29 L. Ed. 63; Pirie v. Tvedt, 115 U. S. 41, 43, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Little v. Giles, 118 U. S. 596, 601, 602, 7 Sup. Ct. 32, 30 L. Ed. 269; Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265, 30 L. Ed. 1235."

This language is cited with approval in Railway Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055. And again, in the opinion in Torrence v. Shedd, this language is used:

"What the plaintiff wants is not partial relief, settling his rights in the property as against this defendant alone, but a complete decree, which will give him a sale of the entire property, free of all incumbrances, and a division of the proceeds as the adjusted equities of each and all the parties shall require. The answer of this defendant shows the questions that will arise under this branch of the one controversy, but it does not create another controversy. The remedy which the plaintiff seeks requires the presence of all the defendants, and the settlement, not of one only, but of all the branches of the case."

In the case at bar the plaintiff elects to have all the parties to the transaction antagonistic to his contention before the court, and he is probably right in making this election. He sets up a parol contract with his father, J. M. Smedley, and, notwithstanding the fact that he has had, by his claim, seven years' possession (Code Ga.

§ 3571), it is not at all clear (Harvey v. West, 87 Ga. 553, 13 S. E. 693, and cases cited) that the plaintiff should not have a decree against J. M. Smedley for specific performance, or a decree in the nature of specific performance, as part of, and as necessary to, relief against the Equitable Securities Company and Hadaway. Certainly, J. M. Smedley is more than a mere nominal party. The plaintiff claims substantial relief against him, and really has no case against the Equitable Securities Company and Hadaway unless he has the right claimed against J. M. Smedley. As important in this connection, see Causey v. Causey, 106 Ga. 188, 32 S. E. 138. The case was not removable on the ground of diverse citizenship, nor was it removable on the ground of a separable controversy. In addition to this, there is some doubt as to whether the necessary jurisdictional amount is involved in the case. It may be that it should not be remanded on this ground alone, but it is impossible to ascertain from the record in this case how the plaintiff can recover rent for four years, or for any time prior to December 1, 1898, which would make about two and one-third years, and only amount, at $150 a year, to $350; and this, added to the $1,500, which is alleged in the petition for removal to be the value of the land, would only make $1,850. It is ordered that the case be remanded to the superior court of Troup county, from which it was removed.