*William H. Fleming* and *Cumming & Hull,* for defendants.

---

### BARON *v.* WARD *et al.*

ATKINSON, J.    A. executed to B. a security deed conveying a number of lots of land as security for a loan, which was duly recorded. Subsequently A. sold one of the lots to W., who did not have actual notice of the security deed. A. reported the sale to B., stating that B. could either take the purchase-price and credit the note or let the note continue for the original amount. B. replied that he would release the lot and did not care for any part payment, but would allow the note

to continue in force for the full amount. On the strength of this statement A. told W. that the lot was free from all incumbrances and liens, and, believing and relying on the statements by A., W. paid A. the agreed purchase-price for the lot. *Held:*

1. Under the facts stated, B. would be estopped as against W., the privy in estate of A., from asserting against the lot a lien based on the security deed. *Clark* v. *Havard*, 122 *Ga.* 273 (50 S. E. 108).

2. Evidence tending to show such ground of estoppel was properly admitted, and there was no abuse of discretion in temporarily enjoining a sale of the lot under a judgment for the amount of the loan which declared a special lien on the lot.

*Judgment affirmed. All the Justices concur.*

DECEMBER 17, 1915.

Injunction. Before Judge Hammond. Richmond superior court. June 8, 1915.

*William K. Miller* and *C. A. Picquet,* for plaintiff in error.

*C. H. & R. S. Cohen* and *W. Inman Curry,* contra.