### 15051. RUTLAND *et al.* v. PARHAM.

STEPHENS, J. 1. A surety on a promissory note, given to the vice-president of a corporation for the purchase of shares of its stock, who claims to have been induced to execute the contract of suretyship by a false representation made to him by the payee of the note, who was the seller of the stock, that the corporation was not indebted in any substantial amount, fails to show such fraud as would invalidate the contract of suretyship, where it appears that the surety relied solely upon the statement of the payee of the note, and made no inquiry of the maker for whom he was becoming surety, who was present when the representation was made, and who was president of the corporation and in control of and managing its business, and who had access to its books. The surety thus had, through the maker, an obvious and easily available means of ascertaining the financial condition of the corporation, and the surety's failure to make inquiry of the maker was such a negligent disregard of his own interests as would preclude him from asserting the alleged fraudulent representation of the payee as an inducement causing him to enter into the contract. *Dortic* v. *Dugas,* 55 *Ga.* 484 (6); *Brooks* v. *Boyd,* 1 *Ga. App.* 65 (57 S. E. 1093). Assuming that the maker had no actual knowledge of the financial condition of the corporation, the surety, who did not know this, was nevertheless negligent, as indicated, in failing to make inquiry, since his conduct in this respect is to be measured not by what information he would in fact have obtained, but by what was an apparently fruitful source of information. Besides, an inquiry of the maker, who was ignorant of the financial condition of the corporation, apparently would have elicited knowledge as to the financial condition of the corporation from the books accessible to the maker.

2. Applying the above rulings to the undisputed evidence in a suit by the payee of the note against the sureties, where the only defense was that the contracts of suretyship were procured by fraud upon the part of the payee of the note, a verdict for the plaintiff was properly directed. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.          ·

Complaint; from city court of LaGrange—Judge Duke Davis. August 31, 1923.

*Wyatt & Branan, W. E. Armistead,* for plaintiffs in error.

*L. L. Meadors,* contra.