21664.  THOMPSON *v.* BANK OF ARLINGTON.

JENKINS, P. J.  1. The case coming to this court upon the sustaining of a demurrer, the allegations of the stricken answer will be taken and accepted precisely as made, irrespective of any issue of fact which might arise on the trial. The defendant pleaded that he signed the indorse-

ment, acting and relying upon the statement made by the president of the bank to the effect that the indorsement was a mere formality, without risk to the defendant, for the reason that the bank held from the principal on the note a lien on property affording ample security for the payment of the debt, and that this representation was knowingly false and fraudulent, made with intent to deceive, and did deceive the defendant, in that the bank did not hold any lien of any kind upon any property to secure the principal's indebtedness. These allegations charge a false and fraudulent statement of an existing material fact, and can not be construed as the mere expression of an opinion, or as a prediction or promise, or as mere dealer's talk, or as a representation true at the time it was made but subject to changing conditions such as might thereafter render the statement, originally true, inaccurate.

2. While there is a general rule to the effect that where the parties to an agreement have equal knowledge, or where they deal upon equal terms in a case where they have equal means of knowledge readily within the reach of both, one who fails to avail himself of the knowledge thus readily and equally ascertainable can not shut his eyes to such opportunities and choose to rely solely upon the representations of the opposite party (*Ham* v. *Hamilton*, 29 *Ga.* 40; *Wood* v. *Cincinnati Safe & Lock Co.*, 96 *Ga.* 120, 123, 22 S. E. 909; *Howard* v. *Georgia Home Insurance Co.*, 102 *Ga.* 137 (2), 139, 29 S. E. 143; *Hollingshead* v. *American National Bank*, 104 *Ga.* 250, 30 S. E. 728; *Fenley* v. *Moody*, 104 *Ga.* 790, 30 S. E. 1002; *Hart* v. *Waldo*, 117 *Ga.* 590, 43 S. E. 998; *Miller* v. *Roberts*, 9 *Ga. App.* 511, 71 S. E. 927; *Rutland* v. *Parham*, 32 *Ga. App.* 662, 124 S. E. 355), whether the person to whom the alleged false and fraudulent representation is made is negligent is relying upon such representation is generally a question for determination by the jury. *Summerour* v. *Pappa*, 119 *Ga.* 1 (5) (45 S. E. 713). In the instant case the parties did not have equal means of knowledge with reference to the truth of the alleged statement of the president of the bank in charge of its business, and who represented the bank in the transaction. The case differs from that of *Rutland* v. *Parham*, supra, wherein it appeared from the evidence that the general statement by the payee of the note, who was the seller of the stock, to the surety signing the same, that the corporation was "not indebted in any substantial amount," was made in the presence of the principal on the note, who was president of the corporation, and that the defendant surety made no inquiry of the president of the corporation, in control of the management of its business, as to the truth of such general statement as to the financial condition of the corporation, and thus failed to take advantage of an obvious, easy, and equally available means of ascertaining the truth. See, in this connection, *Fenley* v. *Moody*, supra.

3. Under the foregoing rulings, the court erred in sustaining the demurrer of the plaintiff and striking the plea of the defendant, and in thereafter entering up judgment in favor of the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided February 11, 1932.

*George H. Perry, W. I. Geer,* for plaintiff in error.
*J. M. Cowart, A. H. Gray,* contra.