23066.  THOMPSON *v.* BANK OF ARLINGTON.

Decided February 28, 1934.

*W. I. Geer,* for plaintiff in error.
*A. H. Gray, J. M. Cowart,* contra.

Per Curiam.  In the original plea it was alleged that the bank, through its president, in order to induce the defendant to

sign the note as security, stated that the maker of the note had given a lien upon his property ample to secure the indebtedness, when, as a matter of fact, he did not then nor does he now hold any lien of any kind upon the property of the maker of the note. A demurrer to the plea was sustained, and that ruling was reversed by this court in *Thompson* v. *Bank of Arlington,* 44 *Ga. App.* 686 (162 S. E. 647). In the opinion it was stated by Judge Jenkins that "These allegations charge a false and fraudulent statement of an existing material fact," to wit, that the bank did not hold any lien of any kind upon any property to secure the principal indebtedness. A statement by the president of the bank, made to secure an indorsement, that the maker has given a lien on his property is not an expression of an opinion and is not a fact about which the parties have equal means of knowledge. If the allegation had stated merely that the representation was that the security was ample, it might be construed as being the expression of an opinion, or a prediction, or a promise or as mere dealer's talk, or as a representation true at the time it was made but subject to changing conditions such as might thereafter render the statement, originally true, inaccurate. See *Thompson* v. *Bank of Arlington,* supra. However, the proof in this case fails utterly to sustain the contention of the defendant that the bank had no lien upon the property of the maker of the note. The defendant, by his own testimony, shows that the bank did hold a second lien on all the maker's real estate and live stock; that the note sued on was a renewal note and had been renewed for at least a second year, if not for several years. A representation made by the payee at the time of the signing of the first note, that the security held by it was ample to pay the indebtedness, is not such a statement, without more, as will amount to a fraud against an indorser of the note. The gist of the plea was the allegation that there was *no* security given by the maker of the note to the payee, and that the defendant signed the note as indorser because of this alleged false representation of the payee. As stated above, the proof utterly fails to sustain the plea. The evidence, therefore, demands the verdict rendered against the defendant. If there was error in the charge of the court on the question of diligence of the defendant to discover the truth or falsity of the alleged representation, the error was harmless, as the evidence demanded the verdict rendered.

*Judgment affirmed.  Broyles, C. J., MacIntyre and Guerry, JJ.,* concur.