## DINGFELDER *et al. v.* GEORGIA PEACH GROWERS EXCHANGE *et al.*

No. 11221. June 11, 1936.

*Smith & Smith,* for plaintiffs in error.
*Hall & Bloch* and *Nottingham & Nottingham,* contra.

HUTCHESON, Justice. The firm of C. I. & M. Dingfelder, plaintiff, the holder of a bill of sale to a crop of peaches given to secure advances made by it, brought its equitable petition against the grantor for a balance due thereunder, and against the Georgia Peach Growers Exchange, defendant, also the holder of a bill of sale to the same crop, but of later date, praying that the defendant be restrained from gathering and marketing the crop; that a receiver be appointed to gather and market the same (all of which was done) ; and that the proceeds of the sale be applied to the payment of the balance due to the plaintiff.

■ Where in such a case the defendant admits that the plaintiff, by reason of its bill of sale and actual notice of the same by the defendant, has a prior claim to such proceeds, and sets up as a defense that the plaintiff is estopped from asserting its prior claim by reason of certain statements made by an employee of the plaintiff, which statements were ᵇcommunicated to the defendant,

which, in reliance on said statements and believing by reason thereof that the plaintiff's claim was released, advanced money which the bill of sale to it was given to secure; and the defendant on the trial assumes the burden of proof; and the judge in his charge restricts the issue in the case to that of the alleged estoppel raised by the defense, and no exception is taken thereto by the defendant, and the only evidence introduced upon the trial is on the question of the alleged estoppel, and the jury finds for the defendant, and the case is brought to this court on exceptions to the overruling of a motion by plaintiff for a new trial, this court will not consider the question whether the plaintiff's alleged bill of sale was sufficient to constitute a valid lien or claim of title to the proceeds of the sale, the defendant having conceded in the court below, by a solemn admission in judicio, that the bill of sale of the plaintiff constituted a prior claim on the proceeds of the sale, and having defended upon the sole ground of estoppel. Code, § 38-402; *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (116 S. E. 922); *Shinall* v. *Skelton*, 28 *Ga. App.* 527 (3) (112 S. E. 163).

■ Where in such a case the court, in charging the jury on the issue of estoppel, instructs them that if they find that the plaintiff made the statements as charged, they should return a verdict for the defendant, but fails to instruct them that such statements must have been made to the defendant or to some one for the defendant with the intention that they be conveyed to the defendant, with knowledge or reasonable grounds to believe that they would be acted upon by the defendant, such charge is error. *Harvey* v. *West*, 87 *Ga.* 553 (2) (13 S. E. 693); *Parker* v. *Crosby*, 150 *Ga.* 1 (102 S. E. 446); *Freeny* v. *Hall*, 93 *Ga.* 706 (21 S. E. 163); *Beasley Motor Co.* v. *Cowart*, 41 *Ga. App.* 684 (2) (154 S. E. 458), and cit. There is nothing in *Clark* v. *Havard*, 122 *Ga.* 273 (50 S. E. 108), *Barron* v. *Ward*, 144 *Ga.* 472 (87 S. E. 396), and *Mitchell* v. *West End Park Co.*, 171 *Ga.* 878 (156 S. E. 888), contrary to the above ruling.

■ The judgment being reversed on the ground stated above, and the case remanded for a new trial, this court will not pass on the merits of the case as shown by the evidence.

*Judgment reversed. All the Justices concur.*