32951. MOSELEY *v.* MUTUAL BENEFIT HEALTH &
ACCIDENT ASSOCIATION OF OMAHA.

DECIDED JULY 7, 1950.

*R. E. Wheeler, H. G. Rawls,* for plaintiff.

*Custer & Kirbo,* for defendant.

WORRILL, J. (After stating the foregoing facts.) The petition shows no contractual relationship between the plaintiff and the defendant insurance company. The plaintiff's theory of recovery seems to be that the company, by placing in the hands of the patient certain documents and being reasonably bound to anticipate that they might be exhibited to the plaintiff, is estopped to deny that it had issued an insurance policy which would cover the medical and hospitalization expense here involved and is liable therefor. It is apparent that in fact the patient was not protected by any policy as of the date of his injury on February 26, 1949, but it is asserted in the brief of counsel for the plaintiff in error that when the company wrote the patient, on some undisclosed date, that he was protected by insurance, and on March 9, 1949, the State manager requested the submission of proof of loss upon the dismissal of the patient from the hospital, the patient was supplied with the means of innocently deceiving the plaintiff and the company is now estopped to deny liability as for a fraud. Assuming but not conceding, and without reference to the legal principle that estoppel does not of itself create liability, that the insurance company would in any wise be estopped by reason of its alleged conduct, certainly the estoppel would not operate as to any facts not disclosed by the communications. What do the documents relied upon purport to show? The statement delivered to the plaintiff on March 2, 1949, does not carry with it any assurance to the patient that the protection referred to therein was in force at the time of the patient's injury on February 26, 1949, and, consequently, as to that communication the insurance company would not be estopped from contending that the insurance was not in force until March 2, 1949. In fact, the statement to the

insured as to coverage was accompanied by the warning to anyone who might read that "you should read it [the policy, which the petition shows was not in force on February 26, 1949] to find out just what it will do. . . Your protection, like any other insurance, is good only when it is in force." Thus it is evident that the company was not representing that the insured was protected even before the effective date of the policy. Thereafter, on March 5, 1949, the wife of the patient wrote, not to the company at its home office, but to the Georgia State manager of the company, advising him that the insured had been injured on February 26, 1949, and was in the hospital of the plaintiff, and that he held policy No. 76686-49M. This did not impose any obligation beyond the policy which was not in effect until March 2, 1949. Thereafter, on or about March 10, 1949, there was delivered to the plaintiff a letter which had been addressed on March 9, 1949, by the State manager of the company to the patient, enclosing proofs of loss to be submitted by him after his discharge from the hospital. This letter, though inviting the submission of a claim, did not commit the insurance company to any obligation to pay it, and should not have caused any careful reader to entertain that idea and be misled. The most that was said as to the invited claim was that "we shall endeavor to take *some action* as promptly as possible." (Italics ours.) The company was thus left in a position to pay or to refuse to pay the claim, according to its conclusions upon its merits, subject, of course, to the right of the insured to have his claim adjudicated in a court of law. There is nothing in any of the documents which could cause a careful reader to conclude that the company would in all events pay a claim, under a policy dated March 2, 1949, for an injury which occurred on February 26, 1949. The alleged innocence of the patient or his wife in submitting the documents to the plaintiff under the impression that he was covered by insurance for the injury sustained can not relieve the plaintiff from ascertaining for himself the effective date of the policy. In *Marietta Fertilizer Co.* v. *Beckwith*, 4 *Ga. App.* 245, 249 (61 S. E. 149), in dealing with the question of fraud in a contract of sale, this court said: "These general principles relating to the subject of fraud are to be construed, of course, in connection with the general rule, equally well estab-

lished, that the law does not afford relief to one who suffers by not using the ordinary means of information, whether his neglect is due to indifference or to credulity. When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations." See also *Miller* v. *Roberts*, 9 *Ga. App.* 511 (2) (71 S. E. 927); *Rutland* v. *Parham*, 32 *Ga. App.* 662 (1) (124 S. E. 355); *Sawyer* v. *Birrick*, 33 *Ga. App.* 746, 747 (127 S. E. 806). The principle of law above stated is applicable here. The plaintiff, in so far as the petition shows, might easily have apprised himself of the fact that the policy did not purport to cover any injury sustained on February 26, 1949, and it is evident that his misfortune was caused by his own credulity. Indeed, the petition does not allege that the communications were intended for the plaintiff, and in such a case "If one acts on representations not made to him and not intended by the declarant for him, he will do so at his own risk. Such declarations do not operate as an estoppel against the declarant." *Parker* v. *Crosby*, 150 *Ga.* 1 (102 S. E. 446). To the same effect see *Randolph* v. *Merchants &c. Loan Co.*, 181 *Ga.* 671, 676 (183 S. E. 801); *Dingfelder* v. *Georgia Peach Growers Ex.*, 182 *Ga.* 521, 522 (2) (186 S. E. 425). Manifestly, the petition did not set out a cause of action, and the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*