21797. KENDRICK, Executrix v. KENDRICK.

Argued October 8, 1962—Decided November 8, 1962.

*Robert J. Reed,* for plaintiff in error.

*Stow & Andrews,* contra.

Head, Presiding Justice. Spot Kendrick filed a petition against Miss Eula Kendrick, as executrix of William R. Kendrick, deceased, for specific performance of an oral agreement to convey described lands alleged to have been made by the deceased. Title was decreed in the petitioner pursuant to the verdict of the jury. The defendant's motion for a new trial, as amended, was denied and the exception is to this judgment.

The defendant insists upon the general grounds of her motion for new trial. Grounds of a motion for new trial that the verdict is "decidedly and strongly against the weight of evidence" (*Code* § 70-206), and "contrary to evidence and the principles of justice and equity" (*Code* § 70-202), are addressed to the sound legal discretion of the trial judge and the law imposes upon him the duty of exercising this discretion. *Lanier v. Tullis,* 73 Ga. 142; *Thompson v. Warren,* 118 Ga. 644 (45 SE 912); *McIntyre v. McIntyre,* 120 Ga. 67 (47 SE 501, 102 ASR 71, 1 AC 606); *Macon, Dublin & Savannah R. Co. v. Anchors,* 140 Ga. 531 (79 SE 153); *Mills v. State,* 188 Ga. 616 (4 SE2d 453).

The trial judge unqualifiedly overruled the general grounds of the motion for a new trial, and in doing so exercised the discre-

tion vested in him by law. Where, as in the present case, the trial judge has exercised the discretion vested in him by law, and there is some evidence to support the verdict, the judgment overruling the general grounds of the motion for new trial is not error. *Andrews v. Dilano,* 206 Ga. 83 (55 SE2d 605); *Shaw v. Miller,* 213 Ga. 511, 513 (100 SE2d 179).

■ In ground 1 of the amended motion it is stated that counsel moved "that the jury be instructed to disregard in their deliberations paragraph . . . 13 and 14 of the plaintiff's petition," and it is contended that it was error to deny this motion since there was no evidence offered to support the allegations of these paragraphs. It is never error to deny an oral request to charge. *Shedden v. Stiles,* 121 Ga. 637, 638 (2) (49 SE 719); *Broadhurst v. Hill,* 140 Ga. 211 (3) (78 SE 838). The trial judge properly instructed the jury that the pleadings form a basis of recovery only when established and sustained by a preponderance of the evidence. If counsel desired any further instruction, it should have been incorporated in a proper written request. *Wells v. Blitch,* 184 Ga. 616 (8) (192 SE 209).

■ Grounds 2 and 3 of the amended motion are so interrelated that properly they should be considered together. In ground 2 exception is taken to an extract from the charge of the court as follows: "Now, the defendant claims . . . and they contend that the title was in their father and is in the estate now and therefore, he [petitioner] is not entitled to recover." It is contended that this charge was not authorized by the pleadings and the evidence; that the defendant attempted to prove title to the property in some one other than the deceased; that the charge tended to confuse the jury; and that, as a misstatement of the defendant's contentions, it affected the verdict of the jury.

In ground 3 it is contended that the court erred in refusing to allow Mrs. Fanny McCommon, a witness for the defendant, to relate some conversation she had with the deceased, William R. Kendrick, with reference to the title to his property. This ground fails to show what the witness Mrs. McCommon would have testified, and the only intimation contained in the ground as to the nature or character of the testimony sought to be elicited was in a statement by counsel to the court as follows:

"He could have said that the property belonged to the court and it would have been against his interest and against the plaintiff's interest."

The charge complained of in ground 2 was correct and proper under the evidence. The defendant having introduced the will of her father, under which she received a life estate in his property, with remainder over to her sister, and there being no evidence of any other claim of title by the defendant, the charge was not error.

The testimony offered to prove title in someone else based upon an oral statement of the deceased to a third person, which is not shown to have been communicated to the defendant or acted upon by her, was properly excluded. Admissions against one's title to land and in favor of the title of a third person, can not accrue to the benefit of one to whom they were not made and who has merely heard of them, it not appearing that they were made for the purpose of being acted upon or with any design or intention that they should be acted upon. *Harvey v. West*, 87 Ga. 553 (2) (13 SE 693); *Parker v. Crosby*, 150 Ga. 1, 5 (102 SE 446); *Randolph v. Merchants & Mechanics Banking &c. Co.*, 181 Ga. 671, 676 (183 SE 801); *Dingfelder v. Georgia Peach Growers Exchange*, 182 Ga. 521, 522 (186 SE 425); *Bennett v. Davis*, 201 Ga. 58, 61 (39 SE2d 3). Grounds 2 and 3 of the amended motion are not meritorious.

■ Ground 4 of the amended motion was disapproved by the trial judge and will not be considered. In ground 5 it is contended that the court erred in not granting a mistrial because of a statement of opposing counsel with reference to similar litigation between the defendant and a brother of the parties. The trial judge properly instructed the jury that any reference made to a suit pending between the witness, Mr. Buck Kendrick, and the defendant was not to be considered, whether settled or not settled, that it was a separate and distinct cause of action and the jury should not let it influence their minds one way or the other. After this instruction to the jury it is not shown that the motion for mistrial was renewed, or that any further instruction by the trial judge was requested. If counsel was not satisfied with the instruction given by the court, he should have renewed

his motion for a mistrial, and not having done so, the assignment of error is without merit. *Ehrlich v. Mills,* 203 Ga. 600 (4) (48 SE2d 107).

*Judgment affirmed. All the Justices concur.*