111 Ga. App. 748 (1965)
143 S.E.2d 393
JONES et al.
v.
PARROTT, by Next Friend.
41257.
Court of Appeals of Georgia.
Argued April 5, 1965.
Decided May 5, 1965.
Rehearing Denied May 25, 1965.
Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall, for plaintiffs in error.
Reeves & Collier, Merrell Collier, contra.
JORDAN, Judge.
This was a suit to recover damages for personal injuries sustained by the plaintiff when the automobile in which she was riding was involved in an intersection collision with an automobile operated by the defendant Douglas Edward Jones. The jury returned a verdict for the plaintiff and the defendants filed a motion for new trial which was denied. The exception is to that judgment. Held:
1. Special ground 4 of the amended motion for new trial which complains of the refusal of the trial court to strike a prospective juror for cause does not require consideration by this court since it does not appear that the defendants in removing this juror by peremptory challenge were thereby compelled to exhaust their peremptory challenges so that they could not challenge other objectionable jurors, if any. Robinson v. Murray, 198 Ga. 690 (1) (32 SE2d 496). For like reason, special ground 5 which contends that the court unduly restricted the defendants' examination of this juror is without merit since it appears that the juror was removed by the defendants and no showing is made that they were harmed or prejudiced by reason thereof.
An examination of these grounds shows, however, that the court allowed a thorough examination of this juror and did not abuse its discretion in refusing to strike the juror for cause.
2. Special ground 6 contends that the trial court erred in allowing counsel for the plaintiff to propound the following question to a prospective juror: "Would you have any hesitancy in this case in bringing in a verdict of $102,250.00 if you believe when the evidence is submitted that this plaintiff, Rebecca Sue Parrott, has been damaged that much under the evidence that you have heard?"
While it is permissible under the broad sanction of Code Ann. § 59-705 for counsel to examine prospective jurors with respect to prejudice as to size of verdicts, such questions should be phrased in general terms and no question should be so framed as to require a response from the juror which might amount to a prejudgment of the case. Atlanta Joint Terminals v. Knight, 98 Ga. App. 482 (4), 489 (106 SE2d 417, *749 79 ALR2d 539). The question propounded in this case did not meet these requirements but it cannot be said that the trial court committed reversible error in allowing same as it is not shown that the defendants were harmed or prejudiced thereby. The particular juror being questioned responded that he would be hesitant in returning a verdict for that amount and the verdict rendered by the jury was considerably less than that sum.
3. Special ground 7 contends that the court erred in not granting a mistrial because a witness for the plaintiff, also involved in the same collision, answered in the affirmative when asked if she had been paid for the damages done to her car at that time. After the motion was made, the trial court instructed the jury not to consider the testimony upon which the motion was predicated, and thereafter the motion for mistrial was not renewed or any further objection made.
"When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instruction nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." Kendrick v. Kendrick, 218 Ga. 460 (4) (128 SE2d 496); Purcell v. Hill, 220 Ga. 663 (141 SE2d 152); Atlantic C. L. R. Co. v. Smith, 107 Ga. App. 384, 386 (4) (130 SE2d 355).
Under the decision of the Supreme Court in the Kendrick case, supra, this special ground is without merit.
4. The trial court did not err, as contended in special ground 8, in concluding a charge on expert testimony with the instruction to the jury that: "You are not bound or concluded by the testimony of any witness expert or otherwise." Georgia Power Co. v. Chapman, 46 Ga. App. 582, 584 (168 SE 131); Parks v. Fuller, 100 Ga. App. 463, 475 (111 SE2d 755); Dowis v. McCurdy, 109 Ga. App. 488, 490 (2) (136 SE2d 389).
5. The trial court did not err, as contended in special ground 9, in charging the jury as follows: "I charge you that it is not necessary for the plaintiff to prove all the acts of negligence charged by her against the defendants in order to recover. *750 If you believe from the evidence that the defendant driver was negligent in any one or more of the particulars charged by the plaintiff against the defendant, and that she was injured and damaged as the proximate result thereof, then in such event it would be your duty to find a verdict for the plaintiff and against the defendant for whatever amount you believe she was so injured and damaged, provided you find she is otherwise entitled to recover under the law given you in the charge of the court." Dowis v. McCurdy, 109 Ga. App. 488 (3), supra. The charge complained of in this ground was not subject to the criticisms made against the charge under review in Division 3 of Dowis, supra, by Division b of the dissenting opinion.
6. After giving in charge to the jury that portion of Code Ann. § 68-1626(a) providing, "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care," the trial court instructed the jury that, "If you find by a preponderance of the evidence that the injuries of plaintiff, if you find there was such injury, was proximately caused by or partly proximately caused by a failure on the part of the defendant driver to control his speed so as to avoid the collision in question, the same would constitute negligence and you would be authorized to find for the plaintiff, if you find the plaintiff otherwise entitled to recover under the instructions I have given you and will give you in charge."
Special ground 10 which assigns error on the italicized portion of the above charge is without merit as it was not necessary for the court in charging the jury with respect to the duty of the defendant driver to control his speed to recharge the jury on that part of Code Ann. § 68-1626(a) which defined the person, vehicle or conveyance to whom that duty was owed, as contended in this ground. The court had given such instruction to the jury in the portion of the charge immediately preceding that complained of, and in the portion of the charge immediately following that complained of the court qualified the charge under review, by its instruction, "if you find the plaintiff otherwise entitled to recover under the instructions I have given you and will give you in charge."
7. The trial court in giving in charge to the jury the applicable *751 Code sections involving right of way at intersections properly charged the jury in connection therewith that the right of the vehicle having the right of way was not absolute but relative and fully charged the jury with respect to the duties of the operator of the vehicle having the right of way. Special ground 11 which contends otherwise is without merit.
8. The trial court did not err, as contended in special ground 12, in failing to charge the jury without request that the existence or nonexistence of liability insurance was not a proper matter for their consideration in determining either the issue of liability or the issue of damages. There was no evidence in this case with respect to the existence or nonexistence of liability insurance and it would have been improper for the court to have injected the issue of insurance into the case in its charge to the jury, in the absence of a proper request by the defendants for cautionary instructions of this nature. Emory University v. Lee, 97 Ga. App. 680, 698 (104 SE2d 234).
9. The verdict was authorized by the evidence and the general grounds of the motion for new trial are without merit.
Judgment affirmed. Felton, C. J., and Russell, J., concur.