## CORBIN v. VAN BRUNT.

Where, in a suit in a State court for the recovery of lands, and damages for the detention of them, the whole controversy, so far as the title to them is concerned, is between the plaintiff, a citizen of the State where the suit is brought, and such of the defendants as are citizens of that State; and the case of the other defendants is a mere adjunct of the principal dispute, the pleadings presenting no separate claim or question. *Held*, that under the act of March 3, 1875, c. 137, the case is not removable to the Circuit Court.

ERROR to the Circuit Court of the United States for the Eastern District of New York.

The case is fully stated in the opinion of the court.

*Mr. Randall Hagner* for the plaintiffs in error.

*Mr. J. J. McElhone* and *Mr. Joseph K. McKammon* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun in a State court of New York by the Van Brunts, defendants in error, citizens of New York, against Corbin, Dow, and Burnap, also citizens of New York, the New York and Manhattan Beach Railway Company, a New York corporation, Keefer, a citizen of Ohio, and Mc-Kinnie, a citizen of Indiana, to recover the possession of certain lands, and damages for the detention thereof. The complaint alleges title in the Van Brunts, and an unlawful withholding of possession by all the defendants, who are now plaintiffs in error. Each of the defendants answered separately. The answer of Dow is a general denial of all the allegations of the complaint. The other defendants deny the title of the Van Brunts, and allege that the railway company is in possession. The railway company, Keefer, McKinnie, and Burnap set up title and seisin in fee in the company, and deny explicitly that either Keefer, McKinnie, or Burnap is in possession. After the answers were all in, the defendants united in a petition for the removal of the suit to the Circuit Court of the United States for the proper district, on the ground " that there is a controversy herein which is wholly between citizens of different States, and which can be fully determined as between them."

The suit having been docketed in the Circuit Court, the Van Brunts moved to remand. The motion was granted, and from the order to that effect this writ of error was brought.

The real controversy is about the right to the possession of the land in dispute. So far as the title is concerned, it is apparent from the pleadings that citizens of New York are the only parties interested. They occupy both sides of that part of the controversy. The citizen of Ohio and the citizen of Indiana claim for themselves neither title nor possession. It is true that, as the case stands, if the Van Brunts establish their title against the other defendants, and it appears that Keefer and McKinnie were actually in possession and wrongfully kept the rightful owners out, there may be a recovery against them jointly with the railway company of damages for the detention. But there can be none separately, because the company admits a possession which, if the Van Brunts have title, cannot be maintained. There is neither in the complaint nor the answers

any claim of separate right, either to the possession or the property. The whole case depends on the question of title between the Van Brunts on one side and the New York defendants on the other. This controversy was not removable. That of the other defendants is a mere adjunct of the principal dispute. It cannot exist separately.

The case is, therefore, within the principle of *Removal Cases*, 100 U. S. 457, decided after the order now under review was made, *Blake* v. *McKim*, 103 id. 336, and *Hyde* v. *Ruble*, 104 id. 407. In no just sense can it be said that the pleadings present separate controversies, such as admit of separate and distinct trials. If they do not, there could be no removal under the second clause of the act of March 3, 1875, c. 137, any more than under the first.

The order to remand is .

*Affirmed.*