MILLS and another, Ex'rs, etc., *v.* CENTRAL R. Co. OF NEW JERSEY and others.

(*Circuit Court, D. New Jersey.* May 2, 1884.)

1. REMOVAL OF CAUSES.

A defendant will not be allowed to transfer a case from the state courts, the chosen jurisdiction of a complainant, to the United States courts, upon the bare suggestion of a contingency which may never happen

2. REMOVAL ON GROUND OF CITIZENSHIP—MOTION TO REMAND.

In an action where the main controversy is between citizens of the same state, there being no controversy wholly between citizens of different states which can be fully determined as between them, the suit is not removable from the state to the United States courts on the ground of citizenship, under section 2, act of March 3, 1875; and when it has been removed, a motion to remand will be granted. *Arapahoe Co.* v. *Kansas Pac. Ry. Co.* 4 Dill. 277, distinguished.

On Bill. On motion to remand.

*H. C. Pitney,* (with whom was *Mr. Gummere,*) for motion.

*James E. Gowen, contra.*

NIXON, J. The bill of complaint in this case was originally filed on August 28, 1883, in the court of chancery of New Jersey. The defendants put in a joint and several answer on December 14, 1883, and on the second of February following they presented a petition to the state tribunal praying for the removal of the suit to this court. The petitioners based their right of removal on two grounds: (1) Because the defendants justified the execution of the lease, which the complainants were seeking to set aside, under the provisions of an act of the legislature of New Jersey, approved March 10, 1880, wherein an attempt was made to alter and amend the charter of incorporated companies, without the consent of all the stockholders, which the complainants allege to be in violation of the constitution of the United States; and (2) because the only necessary and substantial parties to the controversy were the Central Railroad Company of New Jersey, and the Philadelphia & Reading Railroad Company, which were corporations respectively of New Jersey and Pennsylvania.

1. Is there a federal question necessarily involved? A careful examination of the pleadings and the issues there presented fail to disclose one. It is true that the defendants in their petition set forth that their right to make the lease which the complainants are endeavoring to avoid is rested by them upon a certain statute of the state of New Jersey, passed March 10, 1880, authorizing corporations organized under any of the laws of the state to lease their road, or any part thereof, to any corporation of New Jersey or any other state, and allege that the complainants contend that said statute is null and void because it violates the provision of the constitution of the United States that no state shall pass any law impairing the obligation of contracts. But no such ground of relief is found in the bill of complaint, nor is it suggested in the pleadings.

It nowhere appears that the complainants invoke the protection of

the constitution of the United States or question the constitutionality of any law of New Jersey. They do, indeed, charge that the lease is void and has been executed contrary to law, but they make no specific statement in what respect or upon what ground it is illegal. It is hardly competent for the defendants to incorporate into their petition for removal a possible federal question that may arise during the progress of the case, especially when the question is not only not suggested by the complainants, but is expressly disavowed and repudiated by them, and then to claim that the removal of the controversy into a federal court is proper in order to have it adjudicated. If it should appear during the continuance of the cause that a federal question is necessarily involved, I do not say that no appeal would lie from the highest state tribunal to the supreme court, but I do say that the defendants should not be allowed to transfer the case from the chosen jurisdiction of the complainants upon the bare suggestion of a contingency which may never happen.

2. With regard to the second ground a more difficult question is presented. The difference of views of the respective parties arises from the different conceptions of the learned counsel respecting the real parties to the controversy, and the purposes and objects of the bill of complaint.

The defendants allege that the right of the complainants to bring such an action is based upon the assumption of their right, as stockholders, to represent the Central Railroad Company of New Jersey; that the relief asked for in the bill of complaint is not merely relief for the complainants as such, but for all the stockholders, and for the said corporation of which they are the representatives; that whether the claims of said company are asserted by its governing body or by one of its stockholders, it is the company itself which is the party to the suit; that the individual defendants are not neccessary and substantial parties to the litigation; and that, even if they are, the case discloses a controversy wholly between two corporations of two different states, which can be fully determined as between them without the presence of the other parties.

The complainants, on the other hand, insist that the Central Railroad Company is the naked trustee of the complainants; that the latter have a beneficiary estate and interest in the lands, franchises, tolls, and all other property in its possession and under its control as trustee; that the execution of the lease and contract was a breach of trust, and a diversion of the trust property to strangers without authority of law; that, so far from there being identity of interest between the complainants and the New Jersey Central Railroad Company, the controversy between them is actual, and in every sense antagonistic; that the individual defendants are made parties, not formally, but for the purpose of obtaining specific relief against them as active agents in making an unlawful transfer of their property; and that no separate controversy can be found between any two par-

ties, citizens of different states, which can be fully determined between them without the presence of the other parties to the action.

It is conceded that support is found for the defendants' view in the case of *Arapahoe Co.* v. *Kansas Pac. Ry. Co.* 4 Dill. 277. In that case the plaintiffs, citizens of Colorado and stockholders of the Denver Pacific Railroad Company, a corporation of Colorado, filed a stockholders' bill in a state court of Colorado against the said Denver Pacific Railroad Company and its directors, and the Kansas Pacific Railroad Company, a corporation of Kansas, and certain individual citizens of other states than Colorado. The object of the suit was to obtain an accounting with the Kansas Company and other defendants on an allegation that a majority of the trustees of the Denver Company had been committing frauds, and thus depriving that company of the funds belonging to it. The relief prayed for was a decree in favor of the Denver Company for the sum found due on the accounting. Mr. Justice MILLER said that the interests of the plaintiffs and of the Denver Pacific Company were identical; that if the suit was successful no decree could be entered in favor of the defendants, but only in favor of the Denver Company, for the amount found due; and that such was the flexibility of the mode of proceeding in a court of chancery, that, where a party refused to be the complainant in a suit, other interested parties might file a bill and make him a defendant, without changing his relations to the controversy; and that, under such circumstances, the court had power, for the attainment of justice, to render a decree in favor of one defendant against the other. Observing that no relief was asked against the individual defendants, he treated them as not necessary parties to the suit, and retained the case as one of federal cognizance, because the real controversy was, in fact, between the two corporations of different states. But it seems to me that the cases are distinguishable. In the latter, neither the Denver Pacific Railroad Company nor its board of directors, as such, was complained of. No relief was prayed for against the corporation, but in favor of the corporation against the fraudulent acts of a part of its trustees. All the material defendants against whom relief was asked were citizens of other states. There was nothing to be adjudicated against parties living in the same state. But in this case the suit is against the Central Railroad Company and a number of individuals, some of whom are citizens of the same state with the complainants, and others are citizens of different states, and specific relief is prayed against the acts of the corporation and of the individuals who are made defendants. Even if the theory should be adopted that the New Jersey Central Railroad Company is the real complainant, some of the defendants against whom relief is sought are citizens of the same state, and they are indispensable parties, if the complainants are to have determined the questions raised in the pleadings, and to have extended to them the full measure of relief which they pray for.

The case of *Bacon* v. *Rives*, 106 U. S. 99, S. C. 1 Sup. Ct. Rep. 3, does not help the defendants in their contention. The court there held that the executors of George Rives were not necessary and substantial parties to the issue between the complainants and the principal defendant, because no relief was prayed for against them; that they were made parties for the sole purpose of reaching the interest of George C. Rives in his father's estate, in their hands, if the complainants should succeed in their suit against him. Though made formally defendants, they were regarded substantially as mere garnishees. But, in the present case, specific relief is sought against the individual defendants, who are charged to be personally responsible for their alleged illegal acts in the misapplication of property which they held as trustees of the complainants. It falls rather within the principle of *Corbin* v. *Van Brunt*, 105 U. S. 576, where the suit was for the recovery of land, and damages for its detention. The controversy in regard to the recovery of the land was between citizens of the same state, and the one for damages for detention between citizens of different states. The court held that separate and distinct trials of these issues were not admissible, and that the case should be remanded to the state court from which it had been improperly removed.

Regarding the action as one where the main controversy is between citizens of the same state, and not finding in it any "controversy wholly between citizens of different states and which can be fully determined as between them," I must hold that the suit is not removable, on the ground of citizenship, under the second section of the act of March 3, 1875, and the motion to remand must prevail.