## SUN OIL CO. v. BENNETT et al.
### No. 4549.

Court of Civil Appeals of Texas. Texarkana.

Dec. 27, 1934.

Rehearing Denied Jan. 3, 1935.

J. W. Timmins, T. L. Foster, and J. W. Kincaid, all of Dallas, and T. N. Jones, of Tyler, for appellant.

Ramey, Calhoun & Marsh, of Tyler, and Brachfield & Wolfe, of Henderson, for appellees.

JOHNSON, Chief Justice.

Plaintiffs Bennett and Ryan, citizens of Texas, filed this suit in the district court of Smith county, Tex., against the defendant Sun Oil Company, a New Jersey corporation, and five other defendants who are residents of Texas, seeking partition of the mineral interest in 2.59 acres of land situated in Rusk county, Tex. Plaintiffs' petition stated the particular undivided interest alleged to be owned by each of the plaintiffs and each of the defendants, and that plaintiffs and defendants together were the sole owners of all the minerals in and under said land. The undivided interest alleged in the petition as owned by the Sun Oil Company was one-seventh of the whole of said minerals, and the petition further alleged "That plaintiffs are advised, and here allege, that said defendant, Sun Oil Company is asserting claims and title to said property which are adverse to the titles of the parties hereto in and to said minerals in and under said land and premises." The petition prayed that the undivided interests of each of the parties be partitioned, or, if incapable of partition, that the property be sold and the proceeds of such sale be distributed among the joint owners according to the respective interests decreed to be owned in the property.

The defendant Sun Oil Company answered the suit. Its original answer contained (1) plea in abatement to plaintiffs' petition and to the prosecution of the suit in Smith county, "on the ground and for the reason that it appears from the allegations in said petition that this is a suit involving the title to land and must be brought in Rusk County, Texas, where the land is located"; (2) general demurrer; (3) general denial; (4) plea of not guilty; (5) special denial that plaintiffs had any interest in the leasehold estate in said minerals; (6) and specially pleaded the title by which the said defendant claimed all the seven-eighths leasehold covering an undivided six-sevenths interest in the minerals in and under said 2.59-acre tract of land; and (7) specially pleading the title by which it claimed an additional one-seventh of all the minerals in and under said land. The answer alleged title to the six-sevenths leasehold in said land under and by virtue of an oil and gas lease executed by Malinda Schuyler and Horace Schuyler to the defendant Sun Oil Company.

The plaintiffs Bennett and Ryan filed their first supplemental petition responding to the original answer of the defendant Sun Oil Company, which supplemental petition, in addition to a general denial, specially pleaded that the conveyance from the Schuylers to the Sun Oil Company affected only two tracts of land, one of 34 acres and one of 42 acres, and did not include or affect the 2.59-acre tract in question, and that, if said lease

should be held by the court to cover the 2.59 acres, lessors were induced by fraudulent representations on the part of the Sun Oil Company to execute the same, that it was without consideration and void, and that, if it included said 2.59 acres, such inclusion was by mutual mistake of the parties. The prayer was for the same relief as prayed for in the original petition, and, in addition thereto and in the event the court should hold that the lease covered the 2.59 acres in controversy, that the same be reformed so as to exclude said tract of land.

After the filing of the supplemental petition by plaintiffs, the defendant Sun Oil Company filed a petition and bond for removal of the cause to the federal court, on the ground that plaintiffs' first supplemental petition for the first time set up a separable controversy, in the plea for reformation of the Schuyler lease pleaded by Sun Oil Company. The petition for removal alleged, in substance, that, as to the original petition for the partition of the property, all the defendants, including the Sun Oil Company, were necessary parties to the disposition of that suit, and, on account of the lack of diversity of citizenship, the same could not be removed; that the first supplemental petition of plaintiffs set up the first time the question of reformation of the defendant's lease; that the other defendants, residents of Texas, had not been served with citation, but that this defendant was informed and alleged the facts to be that they would voluntarily answer and necessarily align themselves with plaintiffs in seeking reformation of this defendant's lease, and thus a separable controversy authorizing removal existed between the plaintiffs and the other defendants on the one hand, and this defendant, Sun Oil Company, on the other hand.

The petition for removal was presented to the trial court and the bond approved, but an order of removal was refused, to which the defendant Sun Oil Company duly excepted, but did not file the record in the federal court.

Thereafter the Sun Oil Company filed its first supplemental answer, alleging, in substance: That it was the mutual intention of the parties, lessors and lessee, in executing the lease pleaded by it from the Schuylers, to include and cover said 2.59-acre tract, and that, if in fact it is not included in the field notes in the lease, it is included and covered by the following language in said lease: "It being the intention, however, of lessor to include within the terms of this lease not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above described land is situated, or in adjoining surveys and adjoining the above described land." That, if the above language was held by the court not sufficient to cover and include the 2.59 acres of land, in addition to that particularly described in the lease, defendant Sun Oil Company in said supplemental answer specially prayed that the lease be reformed so as to include it.

The cause proceeded to trial before a jury upon the pleadings above stated, and, upon findings of the jury in response to special issues submitted, the court decreed that the Sun Oil Company owned a one-seventh undivided interest in all the minerals under said land, but denied it title to the leasehold claimed, and judgment was entered partitioning the property. The Sun Oil Company has duly perfected an appeal to this court.

By appropriate assignments of error appellant contends that the action of the trial court in overruling its application for removal to the federal court was error; it being the contention of appellant, in substance, that, though the suit in plaintiffs' original petition was one not removable, it was made removable by plaintiffs' supplemental petition, wherein, and for the first time, plaintiffs sought to reform the lease under which appellant claimed title to the land in controversy, that is, that such plea for reformation stated a separable controversy authorizing removal of the case to the federal court.

■■ Where the case stated in plaintiff's petition is one not removable to the federal court, and, though defendant may have answered it, if plaintiff, by amendment of his pleadings, alleges a new cause of action that is removable or raises a separable controversy, which authorizes the removal of the case to federal court, the defendant may then promptly file his petition and bond for removal. Section 28, Judicial Code (28 U. S. C. § 71 [28 USCA § 71]); Henderson v. Midwest Refining Co. (C. C. A.) 43 F.(2d) 23; Brashear v. Louisville & Nashville R. Co. (D. C.) 32 F. (2d) 373; Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673. The right to removal will be determined by the pleadings and record at the time the application for removal is filed, Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867, and the court may disregard the particular position of the parties as plaintiffs or defendants assigned them by the pleader and

align them in accordance with their respective interest in the matter in dispute, Evers v. Watson, 156 U. S. 527, 15 S. Ct. 430, 39 L. Ed. 520.

But matters which are merely incidental to the principal subject-matter or ancillary to the main object of the suit do not present a separable controversy, as contemplated by section 28 of the Judicial Code, authorizing the removal of the case upon separable controversy to federal court. Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 728, 36 L. Ed. 528; City of Bellaire v. Baltimore & O. R. Co., 146 U. S. 117, 13 S. Ct. 16, 36 L. Ed. 910; Shainwald v. Lewis, 108 U. S. 158, 2 S. Ct. 385, 27 L. Ed. 691; Corbin v. Van Brunt, 105 U. S. 576, 26 L. Ed. 1176; Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898; Marchant v. Meade-Morrison Mfg. Co. (C. C. A.) 29 F.(2d) 40; MacGinniss v. Boston & Montana Consolidated Copper & Silver Mining Co. (C. C. A.) 119 F. 96, 100; Shehane v. Smith (D. C.) 257 F. 823. When considered in view of the character and object of the suit and the pleadings in the record at the time it was filed, plaintiffs' supplemental petition, wherein it sought reformation of the lease pleaded by the defendant Sun Oil Company, did not present such a separable controversy as would authorize removal of the case to the federal court. Plaintiffs' original petition pleaded a suit for partition of the property in controversy. Their supplemental petition was a pleading filed in response to matters pleaded by defendant Sun Oil Company. It was not an abandonment of any part of the original petition, nor did it change the cause of action as to parties or subject-matter of suit as pleaded in the original petition. A partition suit is of that character wherein each shareholder or owner of an undivided interest in the property is interested in a sense adverse to the others regardless of the position as plaintiffs or defendants in the suit. The suit was not a removable one, and appellant answered it. The main purpose and ultimate object of a partition suit is compulsory division of the property between the several co-owners according to their respective interests, in order that the same may thenceforward be owned, possessed, and enjoyed in severalty. 47 C. J. pp. 266 and 287. The suit upon its institution invokes the general equitable and legal powers of the court, R. S. article 6106, to determine the conflicting claims of title or other controversies that may arise between the parties with respect to the property in order

that complete justice may be done between them in effecting its partition. The court is required to determine the interest of each claimant in the land and all questions of the law or equity affecting the title thereto. R. S. article 6086. Following the actual partition of the property, the court is required to vest the title so decreed to be held by the respective claimants in each party to the share allotted to him as against the others, R. S. art. 6100, to hold in severalty under the same conditions and covenants of title under which he held before the partition was made. Determination of the conflicting claims and controversies between the parties with respect to the title to the land is necessary, but only incidental and ancillary to the purpose and object of the suit, which is partition of the property. In MacGinniss v. Boston & Montana Consolidated Copper & Silver Mining Co., supra, the rule applicable to the case at bar is stated thus: "Where the relief sought against one of several defendants is merely incidental to the principal purpose of the suit, the fact that such incidental relief pertains to one only of the defendants does not make it a separable controversy so as to give him the right of removal."

We have cited above some of the cases applying the rule, and we will call attention to the case of Torrence v. Shedd, supra, in which the rule is applied to facts similar to this case, from which we quote:

"The present suit was a bill for partition of lands in Illinois, the principal object of which was to assign to all the tenants in common their shares in severalty. By the law of Illinois, indeed, the court might, in the suit for partition, determine all questions of conflicting or controverted titles, to the whole land or to any share thereof. But the determination of such questions of title was incidental to the main object of the suit, and in order to do complete justice between all the parties, and avoid further litigation. * * *

"The object of the suit was not merely the establishment of the title of the plaintiff in an undivided share of the land; but it was the partition of the whole land, and the conversion of his undivided share into an entire estate in a proportional part, as well as the establishment of his title against all the defendants. The controversy between the plaintiff and Brown and Sorin related only to the title claimed by the plaintiff in an undivided share; Sorin's whole claim was of an equitable estate in whatever should be set off to the plaintiff; and the other defendants

denied that either the plaintiff or Brown or Sorin had any title whatever. Neither of the three, therefore, could recover judgment setting off to him any share in the land, without establishing a title, not only as between themselves, but also as against all the other defendants. The inevitable result is that the controversy of the plaintiff and Brown with Sorin was merely incidental to the main object of the suit, could not be determined as between them without the presence of the other defendants, and did not constitute such a separate controversy as would justify a removal into the circuit court of the United States."

As above indicated we are not of the opinion that the trial court erred in overruling appellant's application to remove the case to federal court.

■ The judgment rendered in the case is challenged by appellant, Sun Oil Company, in its fourth assignment of error as follows: "Since the lease to Sun Oil Company contained the following language printed in it, 'It being the intention, however, of lessor to include within the terms of this lease not only the above-described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above-described land is situated or in adjoining surveys and adjoining the above-described land,' and since there was no finding of the jury that the inclusion of this language was the result of mutual mistake or of fraud, the court erred in rendering judgment against Sun Oil Company holding that its lease did not cover the 2.59-acre strip."

Appellant's lease executed to it by Malinda and Horace Schuyler definitely describes by metes and bounds two tracts of land, one for 34 and one for 42 acres, about which there is no controversy. The 2.59-acre tract in controversy is a separate tract of land, but located in the same survey and adjoining one of said two tracts. The 2.59-acre tract is not described in the lease unless the language quoted from the lease in the above assignment is sufficient to include it. Appellant pleads that by use of said language it was mutually intended by the parties executing the lease to cover and include the 2.59 acres; it being the contention of appellant that the language of itself is, as a matter of law, sufficient to cover and include the 2.59-acre tract, since it is located in the same survey as the two tracts described by metes and bounds in the lease. And in its supplemental answer appellant prayed that, in the event the court should hold that the language was not sufficient to describe and include the 2.59 acres, appellant have judgment reforming the instrument so as to include the 2.59-acre tract.

In the case of Sun Oil Company v. Burns, 65 S.W.(2d) 808, this court expressed its opinion contrary to the contention of appellant with respect to the legal effect of the language, unaided, of said clause in appellant's lease.

The issue, raised by both sides, appellees and appellant, of whether or not it was in fact the intention of the parties to include the 2.59-acre tract in the lease, was submitted without objection to form as follows and the jury's answer as indicated: "No. 1: Do you find, from a preponderance of the evidence, that it was mutually intended and agreed between Malinda Schuyler and J. H. Liles that the lease which was executed by Malinda Schuyler and Horace Schuyler in favor of the Sun Oil Company should cover and affect the 2.59-acre tract in question?" Answer: "No."

Appellant points out that in form of the question submitted of mutual mistake the answer of the jury thereto cannot be regarded as a finding that neither the lessor nor the lessee intended that the lease should include the 2.59-acre tract, and that the finding does not, in effect, contradict the testimony of J. H. Liles, agent of appellant, that he intended for the lease to cover the land in question, and has the effect only of finding that the lessors did not intend that the lease should cover the land in controversy; and therefore the finding is not sufficient to authorize the relief of reformation on the part of appellees under the rule of mutual mistake. Appellant's construction of the jury's finding in the respect mentioned is correct. And neither did the court in the judgment reform the instrument. The construction expressed in the Burns Case of the legal effect of the language under consideration in appellant's lease is adaptable to the circumstances reflected by the finding of the jury in this case, in the respect that such finding of want of mutual mistake of inclusion of the 2.59-acre tract tends to aid rather than contradict such construction. Hence we are not of the opinion that the court erred in holding that the lease did not cover the 2.59-acre tract in controversy.

Appellant has made other assignments, all of which we have considered, but respectfully overrule as not presenting error.

The judgment of the trial court is affirmed