**BANKSTON et al. v. BANKSTON et al.**

**No. 11931.**

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1947.

840

Cline & Cline, of Wharton, for appellant.

Harry D. Larson, of Eagle Lake, for appellee.

CODY, Justice.

This suit was by certain of the heirs, against all of the other heirs, of Sam and Sarah Bankston, deceased, to have the joint will of their said ancestors construed. The plaintiff-heirs alleged that said will devised life estates in certain land to certain of the children of said testators with remainder over to the children of said children, and that two of the children to whom said life estates were devised had died without issue, and that another child, a daughter, to whom a life interest had been so devised was above seventy years of age, and was without issue. The purpose of the suit was to have it determined to whom the fee belonged after the termination of the life es-

tates of the children of testators who died without issue.

The court, trying the case without a jury, held that upon the termination of the life estates in question, the bequests in question lapsed for want of a taker, and that said remainders vested, and would vest in the heirs of the testators, according to the laws of descent and distribution. Four of the heirs, who were among the defendants below, prosecute this appeal, predicating their appeal upon four points. Before setting out such points, certain facts must be stated in order that the points may be readily understood. Said points, as will appear, merely raise points of law based upon the admittedly undisputed facts.

In July, 1894, the testators owned the lands here involved, which are located in Wharton County, and executed their joint will. The relevant portions of the will are set forth later herein. All of their children survived testators. Among said children to whom life estates were devised, with remainder over to their respective children were Jordan Bankston, and Winston Bankston (both of whom have died in the past five years, leaving no descendants surviving), and Mollie Hawkins, who is past 70 years of age, and has never had any children.

The husband-testator predeceased his wife by many years, who died in 1922, and it was 1923 before the will was probated. The will was then only probated in the probate court of Wharton County, and the probate proceedings were in all respects regular. After her husband's death, the wife-testator conveyed away the fee simple estate in 20 acres out of the home place by way of making an advancement to her son Porter Bankston who, by the terms of the will (which had not then been probated) was devised only a life estate.

In 1936, Willie Bankston, to whom a 25 acre tract was devised in fee simple, brought a suit against all of the heirs and devisees of the testators, and their respective successors in interest, for the partition of the land here involved. In 1937, in said partition suit, wherein all of the proceedings were in regular form, judgment regu-

larly partitioning the lands here involved was duly rendered. In the partition suit the 25 acre tract was partitioned off to Willie Bankston in fee simple, in accordance with the terms of the will. The 20 acre tract was partitioned off to Porter Bankston, who, in the will was entitled only to a life estate equal to the other life estates devised by the will. The balance of the land was partitioned into seven equal tracts, and life estates therein were adjudged to the remaining children of testators, with remainder over to their children, respectively. No appeal was taken from the judgment rendered in said partition suit, and the judgment became final. (In this connection, perhaps we should state, we have simplified the statement of facts for clarity and brevity.) We now state appellants' points:

Point 1. The error of the court in construing the will as vesting only life estates in Jordan Bankston, Winston Bankston and Mollie Hawkins (the children of the testators to whom no children were born).

Point 2. The error of the court in holding that the wife-testator died testate, since she revoked the joint will by conveying to one child, Porter Bankston, a greater share of her land than provided for in the joint will, and it not being shown that she republished same.

Point 3. The error of the court in holding that the judgment rendered in the partition suit was res adjudicata of the construction of the will.

Point 4. The error of the court in holding that the judgment was res adjudicata as to the title of any of the lands described herein.

### Opinion.

We must overrule the first point.

By the terms of the joint will the testators, respectively, first devised all of their interest in the land here involved to the surviving testator, for the term of the natural life of the survivor. The will next devised the fee simple estate in the 25 acre tract to Willie Bankston. Then follows these provisions:

"The remainder of our property we will and direct shall be equally divided between our children, Winston, Lawrence, Julie Johnson, Mollie Howard (Hawkins), Jordan, John, Sam and Porter Bankston.

"It is expressly provided, however, that the property hereby given our said children is given to them for and during their life and at their death to their respective children."

It will be noted that the terms of the residuary clause, above set out, do not devise the remainder of testators' property to the children therein named, but expresses the purpose, and directs, that the remainder of testators' property be divided equally among the children named, provided, that the children take life estates herein, with remainder over to their respective children.

We are unable to say that the above quoted provision of the will constitutes a devise of a fee simple estate in the land, followed by an ambiguous limitation cutting down the larger estate, which had first vested by clear terms. In form the residuary clause is an instruction to divide the property, not devised by specific bequests, among testators' named children, coupled with a proviso. Furthermore, all of the interested parties placed such construction on the will, and accordingly took life estates, which some of them thereafter disposed of.

However, we think we need not here labor the point. This, because the court in the partition suit partitioned off to the children named in the residuary clause, except Porter Bankston, life estates with remainder over to their respective children. Such disposition was consistent only with the court having adjudged that, as to said children (excepting Porter) their title to the land was devised under the will, and that the will devised them only life estates. The court evidently found in the partition suit that the conveyance to Porter of the 20 acres in fee simple, by way of advancement, was in lieu of the bequest. No one questioned the correctness of the court's awards in the partition decree, nor suggested there was any ambiguity, and the decree became final.

We must overrule appellants' second point, to the effect that the conveyance

to Porter of the twenty acres in fee by the testator-wife, after her husband-testator, died, constituted an ipso facto revocation of the joint will. Appellant has cited no authorities in support of his point. We think, however, that the due and regular judgment of the probate court, probating the will, is res adjudicata that the will was not revoked. Whether the judgment was in error we need not inquire, but that it was not void is quite clear. In Fowler v. Stagner, 55 Tex. 393, 396, it was held: "The decree of the county court * * * admitting to probate the will of Mrs. Torremore, was the judgment of a court having general jurisdiction over the probate of wills, and is conclusive and unimpeachable upon any collateral attack." See also Richardson v. Bean, Tex.Civ.App., 246 S.W. 1096; Hardin v. Hardin, Tex.Civ.App., 66 S.W.2d 362. Appellants cannot in this case question the correctness of the judgment probating the will as a last will.

█ Points 3 and 4 urge that the partition judgment, rendered in 1937, and from which no appeal was taken, was not res adjudicata of the construction of the will, nor of the title of the parties. We must overrule the points.

█ It is appellants' position under those points that, in the partition suit, the court's jurisdiction to construe the joint will was never invoked, and that the court was without jurisdiction to construe same, and without jurisdiction to award title thereunder. In support of their contention they cite Sun Oil Co. v. Bennett, Tex.Civ.App., 77 S.W.2d 1086; O'Neil v. O'Neil, Tex.Civ. App., 77 S.W.2d 554; Stewart Oil Co. v. Lee, Tex.Civ.App., 173 S.W.2d 791; 25 Tex.Jur. 474, et seq.

Rules 756, Texas Rules of Civil Procedure prescribes what the petition in a partition suit shall state. Rule 760, T.R.C.P., provides: "Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise."

R.C.S. Article 6100 provides, "The decree of the court confirming the report of the commissioners in partition, when a partition has been made shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs * * * as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them." In the partition suit, the court rendered judgment confirming such report.

We think it has never been questioned that, when the district court's jurisdiction to partition land among cotenants has been regularly invoked, the court has jurisdiction to render a valid judgment of partition, binding upon all parties. Apparently none of the parties to the partition suit, including the court, were aware that there was any ambiguity in the terms of the will. It was then the right and duty of any party to the partition suit that conceived there was an ambiguity, to call it to the attention of the court. The necessary implication of the judgment rendered in the partition suit is that the court considered that the will was in no need of construction, or rather was open but to the construction applied by the court in making such partition.

█ In a partition suit it is never the intention of a Court to render a judgment which affects—that is, which changes—the title of the parties. The intention of the Court in such a case is always merely to segregate the undivided interests of the parties according to their share, leaving the title unaffected. But for the purpose of making such partition the Court must determine and declare the rights and title of the parties. And a judgment of partition, like any other judgment, imports verity. And when it becomes final all parties to it are bound thereby. Certainly a partition judgment is not subject to collateral attack.

We overrule aforesaid points.

The judgment is ordered affirmed.

Affirmed.