## 302

George **FERRIS**, Appellant,

v.

Thurmond **MOORE**, Appellee.

No. 7908.

Court of Civil Appeals of Texas.

Amarillo.

March 17, 1969.

Jack B. Boone, Memphis, for appellant.

Richard D. Bird, Childress, for appellee.

JOY, Justice.

Suit on a debt and cross action for damages.

Appellant Ferris conducted an aerial spray business in Hall County, Texas. Appellee Moore was a farmer and rancher in Dickens County, Texas. An oral contract was entered into whereby Ferris was to apply a herbicide to certain pasture land owned by Moore. Apparently the aerial application of the herbicide was to be on a certain 200 acres of a 600-acre tract, with the remaining portion to be sprayed at a later date. Ferris apparently sprayed the wrong portion of the land, or there was a misunderstanding between the parties as to which portion was to be sprayed first. Upon Moore's refusal to pay the bill for the spraying as presented, Ferris filed suit in Hall County Court for $387.75 plus attorney's fees. Default judgment was taken and execution issued. Upon failure of the sheriff of Dickens County to levy and return execution, motion was filed for judgment against the sheriff and his bonding company. Upon answer by the sheriff and his bonding company and upon a hearing thereon, plaintiff's motion for judgment against the sheriff and his bonding company was denied. At that hearing and upon the contention of the sheriff, it was found that the original citation was defective in that no return thereon had been made, although the order states no grounds for denial of plaintiff's motion. Proper citation was then served and returned on Moore in the original suit, and Moore filed his plea of privilege which was sustained by the Hall County Court transferring the cause to Dickens County. Moore then filed a cross action contending damages to 30 acres of growing cotton and to an orchard owned by Moore, by reason of Ferris's application of the herbicide to the wrong portion of his land. Upon a hearing before the court without a jury, judgment was rendered denying plaintiff's claim of debt and granting defendant's judgment on his cross action for $700.00 against plaintiff. From this judgment

plaintiff, cross-defendant, has taken this appeal.

No statement of facts is presented for our review. Appellant presents as points of error (1) no evidence to sustain defendant, cross-plaintiff's, recovery against plaintiff, cross-defendant and (2) the court's verdict that plaintiff take nothing against defendant was against the overwhelming weight and preponderance of the evidence so as to be clearly wrong. In the absence of a statement of facts this court cannot consider appellant's assignments of error since they require a review of the evidence. 3 T.J.2d, Sec. 450, P. 699. Also Webb v. Webb (Tex.Civ.App.) 393 S.W.2d 408 (n. w. h.); Guerra v. Guerra (Tex. Civ.App.) 362 S.W.2d 421 (n. w. h.). Appellant's points of error one and two are overruled.

Appellant briefs very well the law on contracts, quantum meruit and minimizing a loss or damage. In the absence of a statement of facts and points of error properly preserved, this court cannot consider same. 3 T.J.2d, Sec. 448 and 449, P. 696–697; also PP. 460 and 461.

Appellant cites in his brief Art. 135b–4, Sec. 10, Vernon's Ann.Civ.St., the law regarding notice required to be given by a person whose crops or plants are affected by drift of hormone type herbicides. From the record before us appellant filed no answer in the trial court to defendant's cross action for damages to his cotton crops and orchard. Neither did appellant make any objections or take any exceptions to the findings of fact or conclusions of law filed by the court. Therefore, appellant waived any defenses he might have to the cross action, Rules 94 and 374, Texas Rules of Civil Procedure, and this court is bound by the findings of the trial court. Southwestern Mobile Homes, Inc. v. Panel Corporation of America (Tex.Civ.App.) 373 S.W.2d 879 (n. w. h.); Evans v. Rush (Tex.Civ.App.) 254 S.W.2d 799 (n. w. h.).

In view of the state of the record before us, we cannot consider any matter we think is error that was not objected to during the trial or by a proper motion in the trial court, and not the subject of a point of error on appeal, except those matters involving fundamental error. Dial Temp Air Conditioning Co. v. Faulhaber, 340 S. W.2d 82 (Tex.Civ.App., refused n. r. e.). We have carefully considered the record and do not find fundamental error.

Affirmed.