**Clarence W. COBB, Appellant,**

v.

**Lynn Cobb PRATT et al., Appellees.**

**No. B2179.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1979.

Rehearing Denied Jan. 9, 1980.

James K. Presnal, Austin, Robert K. Ramsey, Terrell, for appellant.

Dick Watt, Woods, Aston, Mays, Harmon & Watt, Houston, John L. Pierce, II, Navasota, for appellees.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This appeal presents the principal question of whether a judgment which partitioned certain property to Lynn Cobb Pratt "as his sole and separate property in fee simple" bars Clarence Cobb from thereafter denying that Lynn Cobb Pratt owned the property in fee simple and without any restraint on his right of alienation.

We hold the judgment partitioning the property in question to Lynn Cobb Pratt so bars Clarence Cobb and from the date of that judgment Lynn Cobb Pratt held title to the property in fee simple without any restraint on his right of alienation.

In 1963, C. C. Cobb died leaving a will which devised his property to his five living children and to Clarence Cobb as trustee for his grandson, Lynn Cobb Pratt, "until the grandson becomes twenty-one years of age, at which time possession of the property shall be delivered to him, but he is prohibited from conveying, mortgaging, or disposing of said land in any manner until he becomes fifty (50) years of age."

A lawsuit for construction of the will and for partition and distribution of the properties resulted in an agreed judgment in 1971. Parties to that suit included Lynn Cobb Pratt, Clarence Cobb individually and as trustee for Lynn Cobb Pratt, and all other beneficiaries under the will of C. C. Cobb. In that judgment (in Cause No. 16,907, in the District Court of Brazos County, Texas) specific properties were partitioned to Lynn Cobb Pratt "as his sole and separate property in fee simple." The judgment further imposed a lien against the partitioned properties in favor of the party paying the estate and inheritance taxes. Thereafter, Lynn Cobb Pratt conveyed said properties to his mother, and she executed oil and gas leases thereon to Cayuga Exploration, Inc.

The instant suit was filed by Lynn Cobb Pratt and his mother, Lucille Pratt Muller, for a declaratory judgment. They sought a determination that the will provision prohibiting Lynn Cobb Pratt from conveying, mortgaging, or disposing of the land until he becomes fifty years of age is void be-

cause it is an unlawful restraint on alienation. Alternatively, they asked the court to determine that the prior judgment in Cause No. 16,907 vested title to the property in Lynn Cobb Pratt in fee simple without any restraint on his right of alienation.

The trial court rendered the declaratory judgment sought by Lynn Cobb Pratt and his mother and awarded a lien to Clarence Cobb to secure repayment of taxes. Only Clarence Cobb appeals.

Appellant contends that the trial court erred in holding that the prior judgment estopped the parties from denying that the land was partitioned to and thereafter owned by Lynn Cobb Pratt in fee simple absolute and without any restraint on his right of alienation.

█ The doctrine of collateral estoppel, or estoppel by judgment, operates when a second action is between the same persons who were parties in a prior action, at least when the presently asserted right was actually and adequately represented in the prior trial. If the subsequent action is based on a different cause of action from that in the prior case, the judgment in the prior action is conclusive as to questions of law or fact actually litigated and determined therein. *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.1971); Restatement of Judgments § 68 (1942). This is to be distinguished from *res judicata,* the doctrine which bars an entire cause of action or defense regardless of what issues were actually determined. In *Interest of V.___ M.___ B.___,* 559 S.W.2d 901 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.); Restatement of Judgments § 68 (1942).

The cause of action in the present case is for construction of the will and, alternatively, for a determination that the prior judgment vested title so as to foreclose the questions of will construction. The cause of action in the prior case was for partition, and Clarence Cobb and Lynn Cobb Pratt were before the court in the prior case. Thus, the prior judgment is conclusive of all questions of law or fact actually determined therein.

In the prior action the heirs filed a petition for partition of the properties. The question of title to the properties was clearly put in issue by allegations of the fee simple ownership of each heir. Clarence Cobb's pleadings included allegations that the property in question was owned by him as trustee for Lynn Cobb Pratt and, alternatively, that Pratt owned those lands in fee simple if the trust had been terminated. The issue of title was resolved by the agreed judgment in which fee simple title to all tracts was partitioned among the claimants, including Clarence Cobb and Lynn Cobb Pratt.

In the present action Pratt and his mother seek a declaratory judgment that any restraints on alienation of the devised property imposed by the grandfather's will are void. Appellant Cobb asks this Court to uphold the restraints imposed by the will and determine that he still holds the property in trust for his nephew.

Tex.Rev.Civ.Stat.Ann. art. 6100 (Vernon 1970) states that the decree in a partition suit vests title to the land in question in each party to whom a share is allotted. Tex.R.Civ.P. 760 empowers the court to determine all questions of law or equity affecting the title to land in a partition suit. The court made that determination in its 1971 judgment in Cause No. 16,907. Thus, the trial court in the instant case was correct in holding that the partition judgment acts as a collateral estoppel on the issue of title and on the claimed restraints on the right alienation.

█ A partition judgment which becomes final binds all parties as does any other final decree. Only in the face of a jurisdictional defect in the prior judgment which would render it void would it be subject to collateral attack. A partition judgment, even if erroneous, is subject only to direct attack absent a showing of voidness. *White v. White,* 142 Tex. 499, 179 S.W.2d 503 (Tex.1944); *Mitchell v. Carter,* 545 S.W.2d 869 (Tex.Civ.App.—Waco 1976, no writ); *Bankston v. Bankston,* 206 S.W.2d 839 (Tex.Civ.App.—Galveston 1947, writ ref'd n.r.e.). Appellant makes no attempt

354

to vacate the prior judgment for voidness; he seeks only to avoid the effect of the judgment. This is an impermissible collateral attack on a valid final judgment. The prior judgment is conclusive on the issue of the fee simple absolute title in Lynn Cobb Pratt and is not subject to collateral attack. The trial court's judgment on this point is affirmed.

We next turn to that portion of the judgment which awarded a lien on the property in question to Clarence Cobb to secure the reimbursement of $29,969.20 paid by Clarence Cobb in estate and inheritance taxes. Appellee Lynn Cobb Pratt assigns error by cross-point, claiming there is no evidence in the record to support the amount of the lien.

This point of error requires us to review the evidence; however, we cannot do so because this appeal is before us without any statement of facts. Therefore, we cannot consider this cross-point of appellee. *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683 (Tex.1951); *Ferris v. Moore,* 441 S.W.2d 302 (Tex.Civ.App.—Amarillo 1969, no writ); 4 Tex.Jur.2d *Appeal and Error—Civil Cases* § 221–229, § 386–388 (1974).

The judgment of the trial court is affirmed.