*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00098-CV

Scott **RICHTER** and Jeanne Richter,
Appellants

v.

Bruce J. **MERY**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 09-207-B
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:     Karen Angelini, Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:  September 29, 2010

AFFIRMED

Scott Richter and Jeanne Richter ("the Richters") challenge the trial court's order granting summary judgment in favor of their former attorney, Bruce J. Mery, in the Richters' legal malpractice suit against Mery. In a single issue, the Richters argue that the doctrine of res judicata and the compulsory counterclaim rule do not bar their claims for legal malpractice against Mery. We affirm the judgment of the trial court.

**BACKGROUND**

The Richters hired Mery to represent them in a lawsuit against their homebuilder. Over two years after filing suit, the parties reached a settlement agreement; the Richters, however, refused to sign the final release agreement. Mery subsequently filed a motion to withdraw as counsel, and then filed a plea in intervention in the underlying civil action, asserting his right to recover his attorney's fees, as well as related expenses. The Richters subsequently retained new counsel, and at a hearing held on July 24, 2008, the trial court expressed its concern regarding the plea in intervention filed by Mery. The court stated that it would be "cleaner" if a motion to sever were filed. On August 14, 2008, a hearing was held to memorialize a new settlement agreement in the homebuilder suit. At the hearing, counsel for the Richters represented to the trial court that the Richters had resolved the plea in intervention with Mery. The trial court entered an "Agreed Order of Dismissal with Prejudice As to Plea in Intervention." No motion to sever was filed by the parties.

Thereafter, the Richters sued Mery, alleging causes of action for legal malpractice, breach of fiduciary duties, breach of contract, and violations of the Deceptive Trade Practices Act. Mery moved for summary judgment, arguing that the Richters' claims were compulsory counterclaims to his plea in intervention filed in the homebuilder suit, and that because an agreed order of dismissal with prejudice as to Mery's plea in intervention was entered, the Richters' claims were barred by res judicata. The Richters responded to the motion for summary judgment, arguing their claims were not barred because (1) Mery's plea in intervention sought indemnification of expenses under a contingent contract, most of which had not accrued or matured at the time the intervention was filed; and (2) the plea in intervention was severed from the homebuilder suit by way of the dismissal with prejudice as to Mery's plea in intervention.

The trial court granted Mery's motion for summary judgment without specifying the grounds for its decision.

## DISCUSSION

On appeal, the Richters contend the trial court erred in granting Mery's motion for summary judgment because their claims are not barred by res judicata for the following reasons: (1) they agreed with Mery to separate the plea in intervention so the homebuilder case could be finalized without releasing the parties' complaints against each other; (2) the agreed order of dismissal with prejudice as to Mery's plea in intervention was "clear, or at wors[t] ambiguous, and its meaning can be explained by extrinsic evidence"; and (3) the plea in intervention sought indemnification for expenses allegedly incurred in the homebuilder suit, but that had not yet accrued at the time Mery filed his intervention.

### A. *Standard of Review and Applicable Law*

We review the trial court's granting of a summary judgment *de novo. Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). To be entitled to summary judgment on the affirmative defense of res judicata, the movant must establish (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or those in privity with them, and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); Tex. R. Civ. P. 94 (identifying res judicata as an affirmative defense). The doctrine of res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *See Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). The Texas Supreme Court uses a transactional approach to res judicata; that is, the factual matters comprise the subject matter of the litigation and determine "the gist of the

complaint." *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 651 (Tex. 2000). Subsequent litigation cannot be based on claims that arise from those facts. *See id.*

According to Rule 97(a) of the Texas Rules of Civil Procedure, a counterclaim is compulsory if: 1) it arises out of the transaction or occurrence that gives rise to the opposing party's claim; 2) it is mature and owned by the counter-claimant; 3) it is against an opposing party in the same capacity; 4) it does not require third parties who cannot be brought into the suit; 5) it is within the court's jurisdiction; and 6) it is not pending elsewhere. TEX. R. CIV. P. 97(a); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999). Texas courts have held that a claim of attorney malpractice is a compulsory counterclaim to a claim for attorney's fees under Rule 97(a). TEX. R. CIV. P. 97(a); *Goggin v. Grimes*, 969 S.W.2d 135, 138 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *CLS Assoc., Ltd. v. A___ B___*, 762 S.W.2d 221, 224 (Tex. App.—Dallas 1988, no writ). When a legal malpractice claim is not asserted as a counterclaim, it is barred in a subsequent legal action by res judicata. *CLS Assoc.*, 762 S.W.2d at 223–24.

### B. Analysis

The Richters acknowledge that generally a legal malpractice claim must be brought as a counterclaim in a suit to recover attorney's fees when both claims arise out of the same services rendered by an attorney for a client. See TEX. R. CIV. P. 97(a). They contend, however, that the general rule is inapplicable to the current situation for three reasons. First, the Richters argue that their legal malpractice claim is not barred by res judicata because they agreed with Mery to separate the plea in intervention from the homebuilder suit so that the settlement of the homebuilder suit could be finalized. As evidence of this "agreed severance," they point to the affidavit of their lawyer, Gregory Delk, as well as to Scott Richter's affidavit, both of which state

that the "Agreed Order of Dismissal with Prejudice As to Plea in Intervention" was intended to prevent Mery from refiling his plea in intervention in the homebuilder suit and was not intended to settle any disputes between the Richters and Mery. Delk further states that at the August 2008 hearing, he advised the trial court that the order did not resolve, or constitute a release of, the claims between the Richters and Mery. Second, the Richters contend that the clear language of the dismissal order[1] conveys the parties' intention to forever preclude Mery from refiling his intervention in the homebuilder suit as an intervenor in that suit only. Alternatively, they argue that the wording of the order is ambiguous, and that the parol evidence rule allows the use of extrinsic evidence to establish the parties' intent, thereby precluding summary judgment.

These arguments appear to be a collateral attack on the judgment at issue. Only a void judgment may be collaterally attacked. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). We do not look beyond the face of the judgment in a situation such as this where no jurisdictional defect affirmatively appears on the face of the judgment. *See Cobb v. Pratt*, 593 S.W.2d 351, 353 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Because it is apparent from looking at the judgment that the plea in intervention was dismissed, we may not look to evidence outside the judgment itself to determine the issues resolved by the prior lawsuit. *See Collins v. Guinn*, 102 S.W.3d 825, 831–32 (Tex. App.—Texarkana 2003, pet. denied). Further, a dismissal order dismissing a case with prejudice functions as final adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam) (noting that a dismissal with prejudice is a ruling on the merits). Therefore, we

---

[1] The "Agreed Order of Dismissal with Prejudice As to Plea in Intervention" states, in relevant part, as follows:
. . . IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the Plea Of Intervention in the above-entitled and numbered cause be and the same is dismissed with prejudice to the right of BRUCE MERY, Intervenor to refile same or any part thereof against SCOTT RICHTER and JEANNE RICHTER, Respondents. . . .

conclude the agreed order of dismissal as to Mery's plea in intervention was a final judgment for purposes of settling the intervention, and also constitutes a final judgment for purposes of res judicata. The Richters' first two issues are overruled.

Finally, the Richters aver that their malpractice claim is not a compulsory counterclaim because Mery's plea in intervention sought "indemnification" for attorney's fees and expenses; they contend that most of these expenses had not accrued at the time the intervention was filed, and therefore the claim was not mature at the time of the homebuilder suit's disposition. We disagree that the Richters' malpractice claim was exempt from the compulsory counterclaim rule on this basis. Mery's plea in intervention requested a specific amount of expenses, which were liquidated, and thus mature, at the time the intervention was filed. Further, Mery did not seek "indemnification" for expenses, as the Richters allege. Neither Mery's fee contract with the Richters nor his plea in intervention uses language suggesting an indemnification. Thus, on this record, we cannot conclude that the Richters' malpractice claim is exempt from the compulsory counterclaim rule. We overrule the Richters' third issue on appeal.

## CONCLUSION

We conclude that Mery proved his entitlement to judgment as a matter of law on the basis of the affirmative defense of res judicata by establishing that the Richters failed to bring their legal malpractice claim as a compulsory counterclaim in the plea in intervention seeking attorney's fees. Additionally, the Richters failed to present to the trial court any fact issues precluding summary judgment in Mery's favor on the affirmative defense of res judicata. Accordingly, we affirm the judgment of the trial court.

Phylis J. Speedlin, Justice